## ROSEBOROUGH v EMPIRE OF AMERICA

Docket No. 95306. Submitted November 12, 1987, at Detroit. Decided December 14, 1987.

Barry W. and Elaine M. Roseborough brought an action in the Wayne Circuit Court against Empire of America alleging that the defendant bank had failed to timely pay plaintiffs' real estate taxes as required by the parties' mortgage agreement resulting in plaintiffs' inability to claim payment of the taxes on their 1984 income tax return. Defendant moved for summary disposition asserting that the payment of the tax within the period specified by law as the period for timely payment satisfied its contractual obligation to pay the taxes "when due." The trial court, Thomas J. Foley, J., granted defendant's motion, holding that defendant had satisfied its obligation under the mortgage to pay the taxes when due. Plaintiffs appealed.

The Court of Appeals *held:*

The mortgage is not ambiguous. The plain meaning of the language "when due" contained in the mortgage required payment of the taxes between December 1, 1984, and February 15, 1985. Since defendant paid the taxes on January 16, 1985, it satisfied its obligation under the mortgage agreement.

Affirmed.

1. STATUTES — JUDICIAL CONSTRUCTION.

It is a cardinal rule of statutory construction that an unambiguous agreement must be construed according to its plain meaning.

2. TAXATION — MORTGAGES — PROPERTY TAXES — WORDS AND PHRASES — "WHEN DUE".

The payment of property taxes by a mortgagee on January 16 satisfies a provision in a mortgage providing for the payment of

REFERENCES

Am Jur 2d, Mortgages §§ 175, 284 et seq.

Am Jur 2d, Statutes §§ 194 et seq.

Rights in funds representing "escrow" payments made by mortgagor in advance to cover taxes or insurance. 50 ALR3d 697.

See also the annotations in the Index to Annotations under Mortgages.

such taxes "when due" where the plain meaning of the term "when due"used in the mortgage is that period between December 1, the day that collection of the taxes commences, and February 15, the day that the taxes become delinquent or past due (MCL 211.40, 211.44[3]; MSA 7.81, 7.87[3]).

*Law Offices of Harry D. Hirsch, Jr.* (by *Harry D. Hirsch, Jr.*), for plaintiffs.

*Honigman, Miller, Schwartz & Cohn* (by *Ronald S. Longhofer* and *David B. Nelson*), for defendant.

Before: H. HOOD, P.J., and R. M. MAHER and J. B. SULLIVAN, JJ.

PER CURIAM. Plaintiffs commenced this action against defendant alleging that the bank had failed to timely pay their real estate taxes as required by the parties' mortgage agreement. That agreement contained the following provision requiring defendant to pay the real estate taxes "when due":

> In order more fully to protect the security of this mortgage, in addition to the monthly installments of principal and interest, to pay to mortgagee an installment of the taxes and assessments levied or to be levied against said premises that will next become due, an installment of the premium or premiums that will next become due to renew the insurance on said premises (as hereinafter provided) and, if any life insurance is payable or assigned to mortgagee as additional security for said indebtedness, an installment of the premium or premiums that will next become due thereon. The said installments shall be equal, respectively, to the taxes and assessments next due and the premium or premiums for such insurance, as estimated by mortgagee, less all sums already paid therefor, divided by the number of months to elapse before one month prior to the date when such taxes, assessments and premiums will become

due, such sums to be held by mortgagee, without interest thereon, to pay said taxes, assessments and premiums *when due*. [Emphasis added.]

In conformance with that provision, defendant paid the assessed real and personal property taxes to the taxing unit before the end of each calendar year for more than a decade. However, because of purported computer problems, the bank did not pay the 1984 winter taxes until January 16, 1985. As a result, plaintiffs were unable to claim payment of the taxes on their 1984 income tax returns. They then brought this suit for damages arising therefrom.

After this action was brought, defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(10), no genuine issue of material fact, asserting, inter alia, that the payment of the tax within the period specified by law as the period for timely payment satisfied its contractual obligation. As indicated by the notice of tax bill, the taxes could be paid up to and including February 14, 1985, without incurring any penalty. See MCL 211.44(3); MSA 7.87(3). Thereafter, a small penalty would be charged.

Construing the mortgage provision and the tax bill notice, the trial court held that defendant had satisfied its obligation under the mortgage (i.e., to pay the taxes "when due") by making payment prior to February 15, 1985. Specifically, the court stated:

I read all of the pleadings, including the contract and the Plaintiff wishes the Court to read the contract within the year [sic] "within the year they first become due" as an addition to "when due."

No, this Court reads "when due" to include the period within which the monies are received with-

out penalty and I don't see any breach of any duty here and I will grant your motion.

It is from that ruling that plaintiffs bring this appeal as of right. We affirm the decision of the trial court.

Plaintiffs cite *Bishop v Brown*, 118 Mich App 819; 325 NW2d 594 (1982), as support for the proposition that when due means December 1, which is the day that collection commences and the amounts assessed become a lien on the property. MCL 211.40; MSA 7.81. Plaintiffs' reliance on *Bishop* is misplaced.

*Bishop* construed a provision in a land contract whereby the purchaser agreed to pay all taxes on the property when due. The question presented by that case was when did the purchaser, who did not pay the taxes until after penalties were incurred, breach the land contract. We held that the breach occurred at the time late penalties were assessed, not at the time when the property could have been seized and sold to cover the tax lien. 118 Mich App 826. *Bishop* is significant because, although we were faced with the same contract language as that presented herein, we did not interpret the land contract as requiring payment of taxes at the moment they first became due. In fact, we recognized that taxes are "due," or payable, over a period of time and not on any single date:

> Application of the statute to the terms of the land contract in the instant case leads us to conclude that though property taxes first become due in the sense that they may first be paid on December 1, they do not become delinquent or past due until the following February 15. [*Id.*, p 827.]

Plaintiffs' argument would have more force if the mortgage agreement contained qualifying lan-

guage such as "when first become due" or "at the moment taxes become due." However, such qualifying language is absent. It is a cardinal rule of contract construction that an unambiguous agreement must be construed according to its plain meaning. *Friske v Jasinski Builders, Inc,* 156 Mich App 468, 472-473; 402 NW2d 42 (1986), lv den 428 Mich 880 (1987). Here, the mortgage agreement is not ambiguous. As recognized by *Bishop,* the plain meaning of when due is that period between December 1 and February 15. Because defendant paid the taxes on January 16, it satisfied its obligation under the mortgage agreement to pay the real estate taxes when due.

Affirmed.