FRISKE v JASINSKI BUILDERS, INC

Docket No. 84193. Submitted June 3, 1986, at Lansing. Decided December 2, 1986. Leave to appeal denied, 428 Mich —.

David J. Friske and his employer, Jasinski Builders, Inc., entered into a deferred compensation agreement which provided that at Friske's retirement upon the first day of the month nearest his sixty-fifth birthday he would receive $330 for each year of continuous service performed for Jasinski. The agreement also provided that Jasinski's board of directors could terminate Friske's employment for sufficient cause and the agreement would be automatically terminated. Twelve years later, Jasinski's board of directors decided for economic reasons to cease operations as contractors and to permanently discharge all of its employees connected with those operations, including Friske. At that time, Friske was fifty-six years old and had worked for Jasinski for twenty-five years. Friske was given four weeks' pay as severance pay and two prepaid life insurance policies that funded his deferred compensation plan. Friske filed suit against Jasinski in Saginaw Circuit Court to recover the benefits allegedly due him under the deferred compensation agreement. The action was removed to the 70th District Court, which granted summary judgment in favor of Jasinski on the ground that there was no genuine issue of material fact, that the agreement created a satisfaction contract, that plaintiff had made no allegations of fraud, bad faith, or subterfuge on the part of defendant, and that defendant's cessation of operations as a contractor was sufficient cause for discharging plaintiff. The Saginaw Circuit Court, Joseph R. McDonald, J., affirmed that decision on appeal. Plaintiff appealed by leave granted.

The Court of Appeals *held:*

Plaintiff's discharge for economic reasons, as determined by and within the complete discretion of Jasinski's board of directors, constitutes termination for sufficient cause. No questions of fact exist with regard to the exercise of the board's discretion

REFERENCES

Am Jur 2d, Master and Servant §§ 40, 41.

What law governs employees' right to damages for wrongful discharge. 61 ALR2d 917.

in terminating plaintiff's employment where economic reasons made it necessary. Thus, it would be impossible for plaintiff's claim to be supported at trial and, therefore, summary judgment was appropriate.

Affirmed.

MASTER AND SERVANT — DEFERRED COMPENSATION AGREEMENTS — TERMINATION OF EMPLOYMENT — CESSATION OF OPERATIONS.

An economically motivated decision by a corporation's board of directors to cease operations may be considered sufficient cause to terminate an employee's employment for purposes of a deferred compensation agreement which provides that the board of directors may terminate the employee's employment for sufficient cause and thereby automatically terminate the deferred compensation agreement where there are no allegations of fraud, bad faith, or subterfuge.

*Van Benschoten, Hurlburt & Tsiros, P.C.* (by *Lawrence A. Hurlburt*), for plaintiff.

*Cook, Nash & Deibel* (by *James Tiderington*), for defendant.

Before: M. J. KELLY, P.J., and D. E. HOLBROOK, JR., and T. M. GREEN,* JJ.

D. E. HOLBROOK, JR., J. Plaintiff, David J. Friske, appeals by leave granted from an order entered in Saginaw Circuit Court affirming the decision of the 70th District Court granting summary judgment in favor of defendant, Jasinski Builders, Inc. We affirm.

Plaintiff had been employed by defendant since February 16, 1955. On or about December 30, 1968, defendant instituted a deferred compensation program covering its employees, including plaintiff. The deferred compensation agreement entered into by plaintiff and defendant provided that, at plaintiff's retirement upon the first day of the month nearest his sixty-fifth birthday, he was

---

* Circuit judge, sitting on the Court of Appeals by assignment.

to receive the payment of a sum equal to $330 for each year of continuous service performed for defendant. Plaintiff was given the election to receive the money in a lump sum or in monthly income. The agreement further provided:

> 6. If Friske shall voluntarily terminate his employment during his lifetime and prior to his said retirement or if his employment shall be terminated for sufficient cause as determined by the Board of Directors of the Company, this agreement shall automatically terminate and the Company shall have no further obligation hereunder.

The agreement was funded by two life insurance policies purchased by defendant.

Plaintiff's employment was terminated on February 28, 1980, when plaintiff was fifty-six years old, pursuant to defendant's board of directors' decision to cease operations as contractors and permanently discharge all of its employees connected with those operations. Plaintiff was given severance pay equal to four weeks' pay and the two insurance policies that funded his deferred compensation plan, which were prepaid by defendant. Plaintiff disputes defendant's assertion that the policies were given him in satisfaction of defendant's liability under the deferred compensation agreement.

Plaintiff brought suit in circuit court to recover the benefits allegedly due him under the deferred compensation agreement. The action was removed to the 70th District Court, which granted defendant's motion for summary judgment pursuant to DCR 117.2(3) on the basis that there was no genuine issue of material fact. The district court held that paragraph 6 of the agreement created a "satisfaction contract" and, there being no allegation by plaintiff that the closing of defendant's con-

struction business was motivated by fraud, bad faith or subterfuge, that plaintiff's discharge because defendant ceased operations as a contractor was "sufficient cause."

On appeal, the circuit court affirmed. Although noting that the district court's analysis was less than satisfactory, the circuit court concluded, as a matter of law, that the termination of plaintiff's employment which followed an economically motivated business closing was "for sufficient cause" as provided in the agreement.

On appeal to this Court plaintiff contends that under the language of paragraph 6 of the deferred compensation agreement his employment may be terminated only for "sufficient cause," which must be interpreted as cause attributable to misconduct in the performance of his employment duties. We disagree.

This case appears before this Court as a result of the circuit court's affirmance of the district court's grant of summary judgment in favor of defendant pursuant to DCR 117.2(3). A motion for summary judgment on the ground that there is no genuine issue of material fact tests whether there is factual support for the claim. When passing upon such a motion the court must consider the pleadings, affidavits, depositions, admissions and other documentary evidence available to it. *Longley v Blue Cross & Blue Shield of Michigan,* 136 Mich App 336; 356 NW2d 20 (1984). The grant of a motion under this subrule is appropriate only if the court is satisfied that it is impossible for the nonmovant's claim to be supported at trial because of a deficiency which cannot be overcome. *Rizzo v Kretschmer,* 389 Mich 363, 371; 207 NW2d 316 (1973).

The essential facts in the within case are undisputed. Plaintiff and defendant entered into a de-

ferred compensation agreement which provided for automatic termination of the agreement if plaintiff's employment was terminated for sufficient cause as determined by the board of directors of defendant corporation. The board determined that, due to economic necessity, it was forced to cease its contracting operations and terminate the employment of all employees connected therewith, including plaintiff. Plaintiff does not claim fraud, bad faith or subterfuge on the part of the board in its decision to cease its contracting operations.

Case law indicates that termination of the employment of an otherwise competent employee due to an economically motivated business closing is not grounds for a wrongful discharge claim. See, e.g., *Bouwman v Chrysler Corp,* 114 Mich App 670, 681-682; 319 NW2d 621 (1982), lv den 417 Mich 989 (1983); *Sahadi v Reynolds Chemical,* 636 F2d 1116, 1118 (CA 6, 1980); *F S Royster Guano Co v Hall,* 68 F2d 533, 535 (CA 4, 1934). We find that these cases are analogous to the instant case and support a holding that, as a matter of law, plaintiff's discharge for economic reasons, as determined by and within the complete discretion of the board of directors of defendant corporation, constitutes termination for sufficient cause. To hold otherwise would impose an unworkable economic burden upon employers to stay in business to the point of bankruptcy in order to satisfy employment contracts and related agreements terminable only for good or sufficient cause.

The agreement herein empowered the board of directors to terminate plaintiff's employment for sufficient cause. The determination as to what constituted sufficient cause was left to the board's discretion. We find the agreement to be unambiguous in this regard and, therefore, must construe it

according to its plain meaning. *Bank of the Commonwealth v Criminal Justice Institute,* 102 Mich App 239, 244; 301 NW2d 486 (1980). No questions of fact exist with regard to the exercise of the board's discretion in terminating plaintiff's employment where economic reasons made it necessary. Consequently, we conclude that it would be impossible for plaintiff's claim to be supported at trial and, therefore, summary judgment was appropriate.

In view of this conclusion, review of plaintiff's remaining argument with respect to damages is not necessary.

Affirmed.