BHOGAONKER v METROPOLITAN HOSPITAL

Docket No. 93618. Submitted June 18, 1987, at Detroit. Decided
August 20, 1987. Leave to appeal denied, 429 Mich 897.

Dr. Anant B. Bhogaonker, M.D., a physician employed by Metro-
politan Hospital, was dismissed by the hospital during a reduc-
tion of staff necessitated by budget cuts. Dr. Bhogaonker filed
suit against Metropolitan Hospital in Wayne Circuit Court
alleging that defendant terminated his employment without
cause and thus violated its contractual obligations. Specifically,
plaintiff alleged breach of contract, estoppel, breach of covenant
of good faith and fair dealing, negligence, and, alternatively,
that defendant failed to give adequate notice of the termination
and failed to pay all benefits due and owing to plaintiff upon
termination of his employment. Defendant moved for summary
disposition on grounds, inter alia, that the court lacked subject
matter jurisdiction over the matter. The court, Thomas J.
Brennan, J., granted summary disposition on that ground.
Plaintiff appealed.

The Court of Appeals *held:*

The decision of a hospital to terminate the employment of a
physician due to economic necessity is not subject to review by
the circuit court. The trial court correctly ruled that it lacked
subject matter jurisdiction. Furthermore, even if the court's
ruling that it lacked subject matter jurisdiction were erroneous,
summary disposition still would have been proper as there was
no dispute as to any material facts and defendant was entitled
to judgment as a matter of law.

Affirmed.

HOSPITALS — PHYSICIANS AND SURGEONS — MASTER AND SERVANT —
TERMINATION OF EMPLOYMENT — ECONOMIC NECESSITY — JUDI-
CIAL REVIEW.

A decision by a hospital to terminate the employment of a

REFERENCES

Am Jur 2d, Master and Servant §§ 45, 46.

What is "cause" justifying discharge from employment of returning
serviceman re-employed under sec. 9 of the Military Selective
Service Act of 1967 (50 USC Appendix sec. 459.). 9 ALR Fed 225.

See also the annotations in the Index to Annotations under Cause
and under Discharge from Employment or Office.

physician due to economic necessity is not subject to judicial review.

*Hurwitz, Karp, Hirschman & Wallach, P.C.* (by *Martin Hirschman*), for plaintiff.

*Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C.* (by *Mark D. Willmarth* and *James D. Zazakis*), for defendant.

Before: HOOD, P.J., and WEAVER and M. WARSHAWSKY,* JJ.

PER CURIAM. Plaintiff, Dr. Anant B. Bhogaonker, appeals as of right from the orders entered by the trial judge granting defendant's motions for summary disposition and entering a judgment of no cause of action in favor of defendant. We affirm.

This case arises out of the termination of plaintiff's employment as a physician by defendant, Metropolitan Hospital. Plaintiff is a medical doctor licensed to practice in the State of Michigan. In November, 1974, when plaintiff was hired by defendant as a physician, defendant indicated that it would provide him with employment so long as his work was satisfactory. Plaintiff successfully completed the two-year probationary period specified in the medical staff by-laws of defendant hospital. He thereupon received a permanent appointment as of November, 1976, subject to termination only for good cause.

In 1981, plaintiff's employment was terminated by defendant because of a reduction in staff due to budget cuts. The 1981-82 expense budget of the hospital had to be reduced by $4,000,000. There was no factual dispute that plaintiff's employment was terminated because of economic reasons which resulted in staff reduction.

* Circuit judge, sitting on the Court of Appeals by assignment.

On May 9, 1984, plaintiff filed a complaint against defendant alleging that defendant terminated plaintiff's employment without cause and thus violated its contractual obligations. Plaintiff alleged five counts: breach of contract, estoppel, breach of covenant of good faith and fair dealing, negligence, and, alternatively, that defendant failed to give adequate notice of the termination and failed to pay all benefits due and owing to plaintiff upon termination.

Defendant subsequently filed motions for summary disposition pursuant to MCR 2.116(C)(4), (8) and (10), and, after hearings, the trial court ruled that it lacked subject matter jurisdiction and granted defendant's motions. Plaintiff claims that this ruling was in error.

We first note that even if the court's ruling that it lacked subject matter jurisdiction were erroneous, summary disposition would still have been proper under MCR 2.116(C)(10) as there was no dispute as to any material facts and defendant was entitled to judgment as a matter of law. Plaintiff did not and does not contest the economic necessity for the termination of his employment. As we explained in *Friske v Jasinski Builders, Inc,* 156 Mich App 468, 472; 402 NW2d 42 (1986):

> Case law indicates that termination of the employment of an otherwise competent employee due to an economically motivated business closing is not grounds for a wrongful discharge claim. See, e.g., *Bouwman v Chrysler Corp,* 114 Mich App 670, 681-682; 319 NW2d 621 (1982), lv den 417 Mich 989 (1983); *Sahadi v Reynolds Chemical,* 636 F2d 1116, 1118 (CA 6, 1980); *F S Royster Guano Co v Hall,* 68 F2d 533, 535 (CA 4, 1934). We find that these cases are analogous to the instant case and support a holding that, as a matter of law, plaintiff's discharge for economic reasons, as deter-

mined by and within the complete discretion of the board of directors of defendant corporation, constitutes termination for sufficient cause. To hold otherwise would impose an unworkable economic burden upon employers to stay in business to the point of bankruptcy in order to satisfy employment contracts and related agreements terminable only for good or sufficient cause.

See also *J A Hackney & Sons, Inc v National Labor Relations Bd,* 426 F2d 943 (CA 4, 1970).

In any event, we also agree with the trial court's determination that it lacked subject matter jurisdiction in this case. Although plaintiff alleged breach of contract in this case, it is clear beyond peradventure that plaintiff is actually seeking judicial intervention into a decision of a hospital to terminate his employment as a physician due to economic necessity. Such a decision is not subject to review by the circuit court. *Hoffman v Garden City Hospital-Osteopathic,* 115 Mich App 773, 778; 321 NW2d 810 (1982), lv den 417 Mich 1027 (1983); *Veldhuis v Central Michigan Community Hospital,* 142 Mich App 243, 246; 369 NW2d 478 (1985), lv den 422 Mich 970 (1985); *Regualos v Community Hospital,* 140 Mich App 455, 460-61; 364 NW2d 723 (1985).

Affirmed.