EWERS v STROH BREWERY COMPANY

Docket No. 98834. Submitted January 18, 1988, at Detroit. Decided July 17, 1989.

Robert G. Ewers brought an action in the Wayne Circuit Court against Stroh Brewery Company alleging wrongful discharge from employment, negligent breach of contract, and age discrimination in violation of the Civil Rights Act. The count for negligent breach of contract was dismissed with prejudice by stipulation of the parties. Defendant claimed that the termination of plaintiff's employment was part of a reduction in force brought about by economic necessity and moved for summary disposition. The plaintiff, who had a just-cause discharge contract with defendant and who was thirty-nine years old when the termination was announced, challenged the legitimacy of the economic necessity defense and argued that he had a right to have a jury determine the true reason for his discharge. The trial court, John H. Hausner, J., granted defendant's motion. Plaintiff appealed.

The Court of Appeals *held:*

1. The trial court erred in granting defendant's motion for summary disposition as to plaintiff's wrongful discharge claim. Plaintiff met his burden of showing that a genuine issue of disputed fact exists concerning the legitimacy of the economic necessity reduction in force defense presented. Where an employer alleges discharge for economic necessity and, as here, the employee presents evidence that the economic necessity was pretextual and that he was discharged for another reason, the question of just cause for the discharge is one of fact for the jury.

2. Plaintiff met his burden of showing that a genuine issue of disputed fact exists as to his age discrimination claim. The trial court erred in granting defendant's motion for summary disposition as to that claim.

Reversed.

REFERENCES

Am Jur 2d, Job Discrimination §§ 98 *et seq.*; Master and Servant §§ 40, 70.

Application of state law to age discrimination in employment. 96 ALR3d 195.

1. MASTER AND SERVANT — TERMINATION OF EMPLOYMENT — REDUC-
    TION IN FORCE — JUST CAUSE.

    There is no per se rule that a reduction in force by an employer
    constitutes good cause for an employee's termination; employ-
    ers have the right to adjust their work forces in response to
    market forces and business necessity, but may not use such
    claims as pretexts for discharges which would otherwise be
    subject to a just-cause attack by the employee.

2. MASTER AND SERVANT — TERMINATION OF EMPLOYMENT — JUST
    CAUSE.

    The question of just cause for an employee's discharge is one of
    fact for the jury where an employer alleges that the discharge
    was for economic necessity and the employee presents evidence
    that the economic necessity was pretextual and that he was
    discharged for another reason.

3. MASTER AND SERVANT — AGE DISCRIMINATION — TERMINATION OF
    EMPLOYMENT — PRIMA FACIE CASE.

    A prima facie case is established in an age discrimination dis-
    charge from employment case by showing that the plaintiff was
    a member of the protected class, he was discharged, he was
    qualified for the position, and he was replaced by a younger
    person; the plaintiff must also present sufficient evidence on the
    ultimate question whether age was a determining factor in the
    decision to discharge the plaintiff; age discrimination may also
    be proved under ordinary principles of proof without resort to
    any special judicially created presumptions.

*Conway, Bogdanski & Wright* (by *Michael A.
Conway* and *Daniel J. Wright*), for plaintiff.

*Butzel, Long, Gust, Klein & Van Zile* (by *Vir-
ginia F. Metz* and *David B. Calzone*), for defendant.

Before: MCDONALD, P.J., and DOCTOROFF and
NEFF, JJ.

NEFF, J. Plaintiff, Robert G. Ewers, appeals as of
right from a February 20, 1987, order granting
summary disposition in favor of defendant, Stroh
Brewery Company, pursuant to MCR 2.116(C)(10).
We reverse.

Plaintiff sued defendant on November 15, 1984,

alleging wrongful discharge, negligent breach of contract, and age discrimination in violation of the Civil Rights Act, MCL 37.2101 *et seq.;* MSA 3.548(101) *et seq.* The parties stipulated to dismiss with prejudice plaintiff's count for negligent breach of contract.

Plaintiff was hired by defendant approximately fifteen years before his discharge on November 16, 1981. Plaintiff was thirty-nine years old when his termination was announced, but because of defendant's "bridge-pay program" and plaintiff's accrued vacation pay, his discharge did not actually take effect until September 1, 1982, at which time plaintiff was forty years old.

Plaintiff's work record was good, and unsatisfactory performance was not the reason for his discharge. Defendant claims that plaintiff's discharge was a result of a reorganization and a reduction in the company's salaried work force brought about by "the necessity to achieve economy and efficiency." A total of eighty-seven salaried employees were terminated by defendant on November 16, 1981.

After discovery, defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(10). In support of its motion for summary disposition, defendant presented evidence which it alleged indicated that the November, 1981, reduction in force was precipitated by a poor profit forecast for the fiscal year 1982, due in large part to an industry price war between Anhauser-Busch and Miller. According to defendant, the price war caused depressed economic conditions in the brewing industry. The depression forced defendant to reorganize and reduce its work force. This, in turn, resulted in plaintiff's discharge.

Plaintiff challenged the legitimacy of defendant's "economic necessity" defense and argued

that he had the right to have a jury determine the true reason for his discharge.

A motion for summary disposition under MCR 2.116(C)(10) tests whether there is factual support for a claim. The court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence available to it. *Dumas v Auto Club Ins Ass'n,* 168 Mich App 619, 626; 425 NW2d 480 (1988).

The party opposing the motion has the burden of showing that a genuine issue of disputed fact exists. *Dumas, supra.* The nonmovant may not rest on mere allegations or denials in the pleadings, but must, by documentary evidence, set forth specific facts showing that there is a genuine issue for trial. *Metropolitan Life Ins Co v Reist,* 167 Mich App 112, 118; 421 NW2d 592 (1988), lv den 431 Mich 876 (1988). Giving the benefit of reasonable doubt to the nonmovant, the court must determine whether a record might be developed which would leave open an issue upon which reasonable minds could differ. *Dumas, supra.* All inferences are to be drawn in favor of the nonmovant. *Dagen v Hastings Mutual Ins Co,* 166 Mich App 225, 229; 420 NW2d 111 (1987), lv den 430 Mich 887 (1988). Before judgment may be granted, the court must be satisfied that it is impossible for the claim asserted to be supported by evidence at trial. *Peterfish v Frantz,* 168 Mich App 43, 48-49; 424 NW2d 25 (1988).

I

THE *TOUSSAINT* CLAIM

Plaintiff first contends on appeal that the trial court erred in granting defendant's motion for summary disposition on the wrongful discharge count because the evidence shows that defendant

promised to discharge him only for just cause and defendant's professed reason for plaintiff's termination—economic necessity—is false. Defendant contends that the trial court did not err in granting its motion for summary disposition on the wrongful discharge claim and that plaintiff's breach of contract claim under *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579; 292 NW2d 880 (1980), reh den 409 Mich 1101 (1980), is without merit.

The record is clear that plaintiff had a just-cause discharge contract with defendant.[1] Defendant argues, however, that just-cause discharge does not apply under the present circumstances, which involve an economically motivated reduction in force. Plaintiff, on the other hand, contends that defendant's "economic necessity" defense is false and that immunizing the question whether it was economically necessary to reduce the number of employees contradicts the rationale underlying the jury review that was granted by our Supreme Court in *Toussaint.*

In opposition to defendant's motion for summary disposition, plaintiff relied on deposition and documentary evidence which he argued indicated that defendant was experiencing substantial economic growth and operating at a substantial profit before and after his discharge.

Using defendant's Form 10-K annual report filed

[1] The testimony of a number of Stroh's employees established the "just-cause" requirement. John McLeod, a sales executive, testified that the only way to get fired from Stroh was to be caught stealing. Alexander Keurijian, another sales executive, testified that, absent an act of immorality, as long as one performed well at Stroh, one would have a job there for life. David VanHowe, a vice-president and secretary for Stroh, testified that Stroh terminated its employees only for cause.

As further support of his just-cause argument, plaintiff relied on the welcoming booklet he received in 1967 which stated the company's rules and policies. The booklet stated the company's policy of discharging an employee only for just cause.

with the Securities and Exchange Commission, plaintiff showed a pattern of positive net earnings and increased dividends over the 1980-82 period. The same document showed an *increase* in the total salaried work force from 600 to approximately 2,100. The evidence established that full bonuses were to be paid to participants in the incentive compensation plan based on the company's profitable performance in fiscal 1983.

During the same time period defendant bought Schaefer Brewery for $80,000,000 and Schlitz for $660,000,000.

The reduction in force was carried out with little or no advanced planning and with no study of its need or effect on the corporation, according to testimony of Stroh executives. In fact, the president of the corporation testified that no study was done before the decision was made to terminate the employees.

In *Toussaint, supra,* p 622, our Supreme Court stated:

> Where the employer alleges that the employee was discharged for one reason—excessive tardiness —and the employee presents evidence that he was really discharged for another reason—because he was making too much money in commissions—the question also is one of fact for the jury. *The jury is always permitted to determine the employer's true reason for discharging the employee.* [Emphasis added.]

The issue before us is whether plaintiff's challenge to the bona fides of defendant's economic necessity defense entitles him to a jury determination of whether the economic necessity defense is the "true reason" he was discharged.

In support of its argument that summary disposition under MCR 2.116(C)(10) was proper, defen-

dant relies, inter alia, on two relatively recent cases from this Court, *Bhogaonker v Metropolitan Hospital,* 164 Mich App 563; 417 NW2d 501 (1987), lv den 429 Mich 898 (1988), and *Friske v Jasinski Builders, Inc,* 156 Mich App 468; 402 NW2d 42 (1986), lv den 428 Mich 880 (1987). Both of those cases involved termination of the plaintiff's employment due to economic necessity.

Defendant's reliance is misplaced. The plaintiffs in those cases conceded the legitimacy of the economic necessity defense of the employer as justification for a reduction in force.[2]

Defendant also relies on *Boynton v TRW, Inc,* 858 F2d 1178 (CA 6, 1988), an en banc decision. Defendant specifically relies on the following language in *Boynton:*

> Further, while "[t]he jury is always permitted to determine the employer's true reason for discharging the employee[,]" *Toussaint,* 408 Mich at 622; 292 NW2d 880, we find no support for the proposition that the soundness of a management decision to effect a reduction in force solely by reason of adverse economic circumstances is also subject to jury review. See *Friske,* 156 Mich App at 472-73; 402 NW2d 42; *Bhogaonker,* 164 Mich App at 565-66; 417 NW2d 501. Accordingly, we hold that to the extent Boynton's claim challenges the "justness" of TRW's economically motivated decision to eliminate his sales position, a position left unfilled, TRW is entitled to a judgment as a matter of law. [*Boynton, supra,* p 1184.]

However, the opinion of the court in *Boynton* unequivocally explains that the discharge of plain-

---

[2] In *Friske* the employer ceased certain operations and permanently discharged the employees associated with those operations. The reason given was economic necessity, and that was not disputed by the plaintiff. In *Bhogaonker,* there was a $4,000,000 budget reduction and no factual dispute that the termination was for economic reasons resulting in a reduction in force.

tiff in that case was "concededly motivated solely by an economically mandated reduction in force." *Boynton, supra,* p 1179. The *Boynton* court went on to quote from the previous Court of Appeals panel's majority opinion as follows:

> Boynton raised "no challenge as to the sincerity of TRW's motive in making this decision [the decision to lay off Boynton] and [made] no assertions that the reasons advanced by TRW in selecting him for termination were pretextual for any discriminatory intent, or in any way motivated by malice or bad faith." [*Boynton, supra,* p 1181.]

Defendant in this case has not cited a single case, and we have found none, where a court has held that an economic necessity reduction in force claim is a per se defense to a termination where there is a just-cause requirement. Defendant would have us hold that in all cases the employer is the sole judge and final arbiter of the legitimacy of the economic necessity defense subject to review by no one. We decline to do so.

There is no per se rule that a reduction in force constitutes good cause for termination. Certainly employers have the right to adjust their work forces in response to market forces and business necessity. However, they may not use such claims as pretexts for discharges which would otherwise be subject to a just-cause attack by the employee.

After carefully reviewing the evidence presented to the trial court, we are convinced that plaintiff has met his burden of showing that a genuine issue of disputed fact exists concerning the legitimacy of the economic necessity reduction in force defense presented. Therefore, the trial judge erred in granting defendant's motion for summary disposition as to plaintiff's wrongful discharge claim.

We believe that, consistent with the language in

*Toussaint,* a jury should be permitted to determine whether "economic necessity" was defendant's true reason for discharging plaintiff. Plaintiff presented substantial proofs in opposition to the claim that Stroh's financial condition necessitated the discharge of plaintiff and others. Where an employer alleges discharge for economic necessity and the employee presents evidence that the economic necessity was pretextual and that he was discharged for another reason, the "question of just cause" is one of fact for the jury. Here there was substantial evidence produced by plaintiff to rebut defendant's economic necessity defense sufficient to create a jury question on the legitimacy of the defense.

## II

### AGE DISCRIMINATION CLAIM

We also believe that plaintiff has met his burden of showing that a genuine issue of disputed fact exists as to his age discrimination claim and that the trial court erred in granting defendant's motion for summary disposition as to that claim.

In granting defendant's motion for summary disposition, the trial court found that plaintiff had not established a prima facie case of age discrimination in violation of the Civil Rights Act, MCL 37.2202; MSA 3.548(202).

In *McDonnell Douglas Corp v Green,* 411 US 792, 802; 93 S Ct 1817; 36 L Ed 2d 668 (1973), the United States Supreme Court articulated a formula by which a plaintiff can satisfy the initial burden of proof of establishing a prima facie case of racial discrimination. In *Matras v Amoco Oil Co,* 424 Mich 675, 683; 385 NW2d 586 (1986), our Supreme Court, quoting from *Ackerman v Diamond Shamrock Corp,* 670 F2d 66, 69 (CA 6, 1982),

stated that the *McDonnell Douglas* prima facie case approach had been adapted to age discrimination discharge cases by requiring the plaintiff to show that

> "(1) he was a member of the protected class; (2) he was discharged; (3) he was qualified for the position; and (4) he was replaced by a younger person."

Age discrimination may also be proved under ordinary principles of proof without resort to any special judicially created presumptions. *Matras, supra,* p 683. In *Matras, supra,* p 684, our Supreme Court further stated:

> The inquiry is basically the same under either approach. The United States Supreme Court in *McDonnell Douglas* stated: "The facts necessarily will vary in Title VII cases, and the specification above of the prima facie proof required from respondent is not necessarily applicable in every respect to differing factual situations." It would, we believe, be "inappropriate simply to borrow and apply . . . automatically" the *McDonnell Douglas* standards when the "employer is making cutbacks due to economic necessity." Evidence that a competent older employee was terminated, and a younger employee was retained, is insufficient standing alone to establish a prima facie case when the employer reduces his work force because of economic necessity. The rationale behind the *McDonnell Douglas* formula is that its four-part test alone "eliminates the most likely legitimate causes for the employer's adverse action." This formulation is incomplete in the work-force-reduction situation.
>
> To establish a prima facie case of age discrimination when an employer lays off employees for economic reasons, the courts have required the employee to present sufficient evidence on the

ultimate question—whether age was a determining factor in the decision to discharge the older protected employee.

Plaintiff contends on appeal that the evidence he presented to the trial court was sufficient to raise a genuine issue of material fact as to his age discrimination claim. We agree that sufficient evidence was presented on the question whether age was a determining factor in the decision to discharge plaintiff to preclude summary disposition as to this claim.

After carefully reviewing the lower court record, we conclude that the trial court erred in finding that plaintiff had not presented a prima facie case of age discrimination and in dismissing plaintiff's claim.

There was testimony that plaintiff's job was performed from November, 1981, until June, 1982, by a younger man with less experience. After that, plaintiff's job was performed by a woman who had been an employee of Schlitz and who had only 1½ years experience at that company. She, too, was much younger than plaintiff. It is also of note that after plaintiff's termination he was hired on a contract basis to perform some of his former duties.

It was error to grant summary disposition on the facts of this case.

Reversed and remanded to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.