894 F.2d 1336
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jack C. OLSON, Plaintiff-Appellant,
v.
KENNAMETAL, INC., Defendant-Appellee.
 No. 89-1512.
 United States Court of Appeals, Sixth Circuit.
 Feb. 2, 1990.
 
 Before KENNEDY and RALPH B. GUY, Jr., Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Jack Olson appeals the District Court's grant of summary judgment for the defendant-appellee, Kennametal, Inc. Olson brought suit under Michigan law claiming that Kennametal breached an unwritten contract to discharge him only for cause and to give him recall rights for two years should he be laid off. The District Court held that the at-will employment agreement signed by Olson six weeks before he was discharged cut off his claims. Alternatively, the court ruled that Olson's admission that he was laid off because of an economic slump established that the termination was for cause. The court did not comment on Olson's claim that Kennametal had a duty to recall him when sales positions opened with the firm. We AFFIRM.
 
 
 2
 * Olson was originally hired by Kennametal in March 1980 as a service engineer, a sales position. At the time of his hire, and on numerous occasions after he was hired, Olson asserts that management personnel told him that as long as he did good work he would have a job at Kennametal. In July 1981, he was promoted to salesman. In August 1985, at his own request, Olson was transferred out of his sales position and into the engineering productivity division. He became a tooling systems engineer, assisting sales personnel by providing technical advice on company products. Olson had no sales responsibilities in this position, although he did work with salesmen and customers. Joint App. at 93. On November 30, 1985, Kennametal laid off Olson and two other nonsales employees due to a slump in the company's business. In the pretrial order signed by the parties, Olson admitted that he "was laid off from Defendant's work force as a result of economic hardship and a general decrease in sales." Joint App. at 93.
 
 
 3
 At the time of his layoff Olson alleges that he was orally informed that he would be eligible for recall. Additionally he was given a document which outlined his benefit rights. Under a section titled "Recall" the document stated: "You will be eligible for recall for a period of one year or for a period equal to your length of service, whichever is less. Should you be recalled and turn down the position, your service will be broken and you will not be eligible for additional recall." Joint App. at 51. Olson alleges that in the year following his termination several other persons were hired to fill account sales positions which he was qualified to assume.
 
 
 4
 Throughout the time Olson was employed by Kennametal, the company published an Employment Policies Manual. The manual set forth the method by which Kennametal would calculate an employees' length of service and the job benefits that an employee would receive because of his or her seniority. The manual stated that a person would have their length of service continued from the their original date of hire if they were laid off and then recalled within a period equal to the shorter of the employees' length of service and two years. It explained that an employees' length of service was important "because it determines, in part, your vacation, service awards, etc." Joint App. at 49.
 
 
 5
 Six weeks before his layoff, on September 10, 1985, Olson was given an employment agreement to sign. The agreement stated, inter alia, that Kennametal could fire Olson "at any time with or without cause." The agreement stated that it was not subject to oral modification. Joint App at 37. In his deposition, Olson admitted that he signed and returned the agreement and admitted that the meaning of the language of the contract was clear but asserted that he did not bother to read the contract at the time he signed it. Joint App. at 102-05.
 
 
 6
 Olson argues that there are sufficient facts in the record to support the existence of a for-cause employment contract that Kennametal breached. He additionally argues that Kennametal breached its duty to recall him when it filled other job openings with new employees.
 
 II
 
 7
 Olson first argues that he has pointed to facts in the record that would allow a jury to find that a termination for-cause agreement existed. He asserts that the at-will employment agreement he signed in September 1985 is ineffective since he did not read it before he signed it, and since no consideration was given for the surrender of his right to be fired only for cause. Alternatively, he argues that the proximity of the agreement to his firing indicates that Kennametal executed the agreement in bad faith within the meaning of Michigan law.
 
 
 8
 We need not decide whether a for-cause agreement existed or whether the September employment agreement effectively created a new at-will employment relationship since his layoff was clearly for cause. In the pre-trial order Olson stipulated that he "was laid off from Defendant's work force as a result of economic hardship and a general decrease in sales." Joint App. at 93. Termination because of economic hardship constitutes termination for cause under Michigan law. See, e.g., Bhogaonker v. Metropolitan Hospital, 164 Mich.App. 563 (1987), appeal denied, 429 Mich. 898 (1988); Friske v. Jasinski Builders, Inc., 156 Mich.App. 468, 472 (1986), appeal denied, 428 Mich. 880 (1987); Boynton v. TRW, Inc., 858 F.2d 1178, 1184 (6th Cir.1988) (en banc ).
 
 III
 
 9
 Olson also argues that the employment manual, the document he was given at the time of his layoff, and the oral promises made at the time of his layoff created a contractual right to be recalled to the company prior to the hiring of new employees.[1] Since Kennametal hired additional sales employees since his layoff, Olson argues this obligation was breached. Again we need not decide whether a contract existed since any contract created was not breached. All of the positions filled by Kennametal since Olson's layoff have been sales positions, a job distinct from the tooling systems engineering position Olson occupied at the time of his layoff. Olson had requested a transfer out of his sales position only a few months before his layoff. The documents and oral promises cited by Olson could not give him the right to be recalled to any position he was qualified to perform, but only the right to be recalled to the same position he occupied prior to his layoff. Olson does not allege that his former position was ever filled by the company, nor does he allege that the job from which he was laid off is identical to the jobs Kennametal filled.
 
 
 10
 The judgment of the District Court is AFFIRMED.
 
 
 
 [1]
 Kennametal argues that Olson's failure to raise the recall issue in his complaint cuts off his right to raise the argument now. This is incorrect. The final pre-trial order stated that the parties were prepared to litigate this issue. The District Court could have treated the pleadings as implicitly amended had a specific objection been raised. See Fed.R.Civ.P. 15(b)