FEATHERLY v TELEDYNE INDUSTRIES, INC

Docket No. 126875. Submitted April 21, 1992, at Grand Rapids. Decided May 18, 1992, at 9:50 A.M.

Norman Featherly, Stanley Way, and Leroy Gannon brought an action in the Muskegon Circuit Court against Teledyne Industries, Inc., and its president, Thomas Keenan, alleging that their permanent layoffs following a work-force reduction were the result of employment discrimination based on age and were breaches of implied contracts of employment providing for termination only for just cause. The court, Michael E. Kobza, J., granted summary disposition for the defendants with respect to the age discrimination claims of Featherly and Way, but not Gannon, and with respect to the contractual claims of all the plaintiffs. Featherly appealed the dismissal of his age discrimination claim, Way appealed the dismissal of both his claims, and the defendants cross appealed the denial of summary disposition of Gannon's age discrimination claim.

The Court of Appeals held:

1. Featherly and Gannon, but not Way, each established a prima facie case of age discrimination. Accordingly, the trial court erred in summarily dismissing Featherly's age discrimination claim, but did not err in denying summary disposition of Gannon's claim or in granting summary disposition of Way's claim.

2. The trial court did not err in dismissing the contractual claims of the plaintiffs. Their employment was terminable at the will of either the employer or the employees. Even if, as the plaintiffs asserted, certain oral representations by the defendants gave rise to expectations of employment terminable only for just cause, just cause is established where, as in this case, termination results from a work-force reduction based on economic reasons.

Affirmed in part and reversed in part.

REFERENCES

Am Jur 2d, Civil Rights §§ 226 et seq., 507; Job Discrimination §§ 102-105, 2109-2111, 2178; Master and Servant §§ 27-29, 32-34.

Proving that discharge was because of age, for purposes of Age Discrimination in Employment Act (29 USCS §§ 621 et seq.). 58 ALR Fed 94.

1. CIVIL RIGHTS — DISCRIMINATION — BURDEN OF PROOF.

The plaintiff in a case alleging discrimination initially has the burden of proving a prima facie case by a preponderance of the evidence; if the plaintiff is successful, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for its action; once the defendant articulates a legitimate reason, the plaintiff then has the burden of showing by a preponderance of the evidence that the reason was merely a pretext for discrimination.

2. CIVIL RIGHTS — EMPLOYMENT DISCRIMINATION — AGE — PRIMA FACIE CASE.

A prima facie case of employment discrimination based on age in the discharge of an employee is established upon a showing that the employee was a member of a protected class, was discharged, was qualified for the position, and was replaced by a younger person.

3. CIVIL RIGHTS — EMPLOYMENT DISCRIMINATION — AGE.

A plaintiff who alleges employment discrimination based on age must present evidence of possession of qualifications comparable to that of the person ultimately selected, and demonstrate that age was the determining factor in the defendant's decision.

4. CIVIL RIGHTS — DISCRIMINATION — SUMMARY DISPOSITION.

A plaintiff who alleges discrimination, in order to survive a motion for summary disposition brought after the defendant presents a legitimate, nondiscriminatory reason in rebuttal of the plaintiff's prima facie case, must allege facts that raise a triable issue concerning whether the proffered reason was a mere pretext.

5. MASTER AND SERVANT — TERMINATION OF EMPLOYMENT — JUST CAUSE — WORK-FORCE REDUCTION.

Just cause for termination of employment is established when termination results from a work-force reduction based on economic reasons.

*Libner, Van Leuven, Kortering, Evans & Portenga, P.C.* (by *John A. Braden*), for the plaintiffs.

*Butzel Long* (by *Robert J. Battista* and *Mark T. Nelson*), for the defendants.

Before: Hood, P.J., and Shepherd and K. N. Sanborn,* JJ.

Shepherd, J. This case involves claims of employment discrimination and breach of contract under *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579; 292 NW2d 880 (1980), in which the trial court granted defendants' motion for summary disposition pursuant to MCR 2.116(C)(10) with respect to the age discrimination claims of plaintiffs Norman Featherly and Stanley Way, denied defendants' motion with respect to the age discrimination claim of plaintiff Leroy Gannon, and granted defendants' motion with respect to the *Toussaint* claims of all three plaintiffs. Plaintiffs Featherly and Way appeal as of right the dismissal of their age discrimination claims, plaintiff Way appeals the dismissal of his *Toussaint* claim, and defendants cross appeal the denial of their motion with respect to the age discrimination claim of plaintiff Gannon.

As a result of a business downturn, Teledyne laid off 250 people, including both salaried and union personnel, in December 1987. After consultations with the company's finance department in the fall of 1987, defendant Thomas Keenan, Teledyne's president, approved the layoff plan and instructed each vice president in the various departments of the plant to lay off a certain number of employees. The selection of which employees to lay off was made by the immediate supervisor with the concurrence of the manager or vice president of the department or area. Each plaintiff is a former supervisor of Teledyne who was laid off in December 1987 and claims that his layoff was in violation of the Civil Rights Act, MCL 37.2101 *et*

---

* Former circuit judge, sitting on the Court of Appeals by assignment.

*seq.*; MSA 3.548(101) *et seq.,* and in breach of an implied contract of employment. It was undisputed that each plaintiff was a competent and capable supervisor in his respective area, and that Teledyne claimed to have laid them off because of economic necessity. There is also no dispute that layoffs of numerous employees were, in fact, mandated by economic necessity. The primary issue in this case is whether, in choosing which employees to lay off, the defendants made their selection by using age as a determining factor.

We begin with the assumption that although there may be justification for economic layoffs, an employer may not decide which employees to lay off on the basis of considerations that are prohibited by law, such as race, gender, or age. See *King v Michigan Consolidated Gas Co,* 177 Mich App 531; 442 NW2d 714 (1989), where the plaintiff's federal civil rights claim based on race was permitted to go to trial even though the employer was faced with an economically necessitated reduction in force. Subsequently, his claim of racial discrimination in violation of state law was also allowed to stand. See also *Schipani v Ford Motor Co,* 102 Mich App 606; 302 NW2d 307 (1981), in which the plaintiff's *Toussaint* and age discrimination claims were treated separately. Both cases taken together implicitly stand for the proposition that where an employer has a legitimate reason to terminate (e.g., economic necessity or a contract for employment at will), it may not do so for illegal reasons such as unlawful discrimination.

Since 1975, Norman Featherly had been the production supervisor of the crankshaft departments (Departments Nos. 313 and 316). As a result of the 1987 reduction, the crankshaft departments and "Gears" (Department No. 311) were consolidated. Production Superintendent Harvey Myers,

Featherly's immediate supervisor, and Robert Bramer, the manufacturing manager, decided that Featherly should be laid off because they concluded that he did not have the versatility to supervise both departments. Consequently, Featherly's duties were added to those of Robert Gilbert, the production supervisor of "Gears." At the time of his layoff, Featherly was fifty-eight years old and had approximately twenty-five years' seniority, whereas Gilbert was forty-one years old and had twelve years of supervisory experience.

Leroy Gannon was the supervisor of "non-productive stores" and "cutter grinds" from 1976 until his layoff in 1987. His duties involved maintenance, repair, and operations, as well as resharpening and testing tools. His position was eliminated and his duties were assigned to Thomas Karafa and Harry Mikesell. Karafa is a toolmaker, who was the supervisor of the model shop and tool repair at the time of the layoffs. Mikesell is a manufacturing engineering analyst, whose job is to prepare budgets for the Manufacturing Engineering Department. At the time of his layoff, Gannon was sixty-three years old, whereas Karafa and Mikesell were forty-one and sixty years old, respectively.

From May, 1966 until his layoff in 1987, Stanley Way was a production control supervisor whose duties involved shipping and receiving. After his position was eliminated in the 1987 reduction, his duties were added to those of Bill Ford, the "Master Scheduler." Ford was retained because Way had no experience with or knowledge of scheduling systems. At the time of Way's layoff, he was fifty-nine years old and had thirty-seven years' seniority, whereas Ford was fifty-six years old. In addition, the clerical work related to Way's position was assigned to Virginia Settler, a sixty-year-old

union clerk who had forty-three years' seniority with Teledyne.

A motion for summary disposition pursuant to MCR 2.116(C)(10) may be granted when, except for the amount of damages, there is no genuine issue with regard to any material fact and the moving party is entitled to judgment or partial judgement as a matter of law. A motion for summary disposition tests whether there is factual support for a claim. The trial court must consider the affidavits submitted, pleadings, depositions, admissions, and documentary evidence. *Amorello v Monsanto Corp,* 186 Mich App 324, 329-330; 463 NW2d 487 (1990). The party opposing the motion has the burden of showing that a genuine issue of material fact exists. *Ewers v Stroh Brewery Co,* 178 Mich App 371, 374; 443 NW2d 504 (1989). Giving the benefit of reasonable doubt to the nonmovant, the trial court determines whether a record might be developed that would leave open an issue upon which reasonable minds might differ. *Amorello, supra,* p 330. The court may not make findings of fact or weigh credibility in deciding a motion for summary disposition. *Paul v U S Mutual Financial Corp,* 150 Mich App 773, 779; 389 NW2d 487 (1986).

Plaintiffs' claims of age discrimination are based upon the Civil Rights Act, which provides:

> (1) An employer shall not:
> (a) Fail or refuse to hire, or recruit, or discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of . . . age . . . . [MCL 37.2202; MSA 3.548(202).]

Michigan courts have considered federal law when reviewing claims of age discrimination based on

state law. See *Matras v Amoco Oil Co,* 424 Mich 675, 683-685; 385 NW2d 586 (1986); *Meeka v D & F Corp,* 158 Mich App 688, 692; 405 NW2d 125 (1987); *Dixon v W W Grainger, Inc,* 168 Mich App 107, 113-114; 423 NW2d 580 (1987). Reaffirming the holding of *McDonnell Douglas v Green,* 411 US 792; 93 S Ct 1817; 36 L Ed 2d 668 (1973), the United States Supreme Court in *Texas Dep't of Community Affairs v Burdine,* 450 US 248, 252-253; 101 S Ct 1089; 67 L Ed 2d 207 (1981), set forth the order and allocation of the burden of proof in employment discrimination cases as follows. First, the plaintiff has the burden of proving by a preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff is successful in proving a prima facie case, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for its actions. Third, if the defendant meets this burden, the plaintiff then has the burden of proving by a preponderance of the evidence that the legitimate reason offered by the defendant was merely a pretext. *Id.; Dubey v Stroh Brewery Co,* 185 Mich App 561, 563-564; 462 NW2d 758 (1990).

To establish a prima facie case of age discrimination, the plaintiff must show that (1) he was a member of a protected class, (2) he was discharged, (3) he was qualified for the position, and (4) he was replaced by a younger person. *Ewers, supra,* pp 379-380. Age discrimination may also be established by ordinary principles of proof without resort to any special judicially created presumptions or inferences. *Matras, supra,* p 683. In an age discrimination claim, the plaintiff must present evidence that (1) he had skills, experience, background, or qualifications comparable to the retained employee and (2) his age was a determining factor in the adverse employment decision. *Id.,* pp

683-684; *Meeka, supra,* p 692. Evidence that a competent older employee was terminated and a younger employee was retained, standing alone, is insufficient to establish a prima facie case when the employer reduces his work force because of economic necessity. *Matras,* p 684.

Viewing the evidence in a light most favorable to plaintiffs, we conclude that plaintiffs Featherly and Gannon, but not Way, established a prima facie case of age discrimination.

In the case of Featherly, there was evidence presented that he was qualified for the position of supervisor of the consolidated departments. The record reveals that Featherly was the production supervisor of two departments with nine different lines, whereas Gilbert supervised one department containing two lines. Moreover, Featherly had more experience, as measured in years of seniority, than Gilbert. Featherly also presented sufficient evidence showing that age was a determining factor in his layoff. All the plaintiffs cite an article about the future of Teledyne in the Muskegon area published by the magazine *West Michigan Profile* in November 1987, wherein Keenan was quoted as saying:

> We intentionally went with a small start in a new product so that we could get our feet wet, build some credibility, get some of the younger kids in here under the special arrangement, get them working and make them a core.

Although defendant Keenan stated in his deposition that he meant that there was enough work for existing employees and that Teledyne would seek to provide employment to future generations in the Muskegon community, his remark is evidence that age was a determining factor in the

1987 layoff insofar as defendants sought to retain a younger work force. Because plaintiff Featherly, age fifty-eight, was replaced by Gilbert, age forty-one, defendant Keenan's statement provides factual support that age was a determining factor in Featherly's layoff.

Additional evidence that age was a determining factor in the layoffs was presented in previous litigation arising from the December 1987 layoffs. In *John Harris v Teledyne Industries,* unpublished opinion per curiam of the Court of Appeals, decided October 8, 1990 (Docket No. 116087), Lloyd Lindland, Teledyne's vice president of operations, allegedly told Harris, a production supervisor like plaintiff Featherly, that he was laid off because the retained employee was younger and better. Although Lindland, who oversaw the departments to which all the plaintiffs belonged, did not make a similar remark to any plaintiff in the instant case, the statement nevertheless presents some evidence that age may have been a determining factor in Teledyne's decision to lay off plaintiffs in December 1987.

Moreover, plaintiffs put forward some statistical evidence indicating that the oldest supervisors within each department were the employees most affected by the 1987 layoffs. Plaintiffs allege that whereas the median age of the laid-off supervisors was fifty-five, the median age of those retained was forty-four, and that no supervisor under the age of fifty-one was laid off. Defendants assert that plaintiffs' average-age analysis distorts the evidence. In particular, defendants allege that there is no persuasive evidence of age discrimination in the case of Featherly, because the average age of the retained production supervisors dropped by only one year after the 1987 layoffs. Although the statistical evidence presented in this case may provide only

weak circumstantial evidence of age discrimination, it nonetheless constitutes some factual support for the claim, especially when conjoined with the other facts evidencing age discrimination.

Gannon also established a prima facie case of age discrimination with proof that his position was eliminated and his duties were assigned to Karafa and Mikesell. Alleging that his tool-making and budgeting experience was comparable to that of the retained employees, Gannon presented evidence showing that he was as qualified as Karafa. Further, Gannon presented evidence that age was a determining factor in his layoff. In addition to relying on the statements of defendant Keenan and Lindland, and the statistical evidence, Gannon alleges that remarks made to him by Engineering Manager Gary Tidball before and after the layoff provide evidence that age may have been a determining factor in his layoff. A month or two before the 1987 layoffs were announced, Tidball asked him how long he planned to work. Gannon told him another four to five years. After the announcement of the layoffs, Tidball asked Gannon how old he was and later remarked to Gannon that the layoff would not hurt him much because he could retire. Although the statements attributable to Tidball do not evidence an age discrimination claim as clearly as the remark allegedly made by Lindland in *Harris,* they support Gannon's claim that age was a determining factor in his layoff.

Unlike Featherly and Gannon, Way did not present a prima facie case of age discrimination. Although Way provided some evidence that he had qualifications comparable to those of the retained employees, Ford and Settler, he failed to present evidence that age was a determining factor in his layoff. Of the retained employees, Ford, age fifty-

six, was only three years younger than plaintiff Way, whereas Settler, age sixty, was one year older and had six years more seniority than Way. Notwithstanding the foregoing evidence showing that age was a factor in Teledyne's decision to lay off employees in December 1987, the record does not reveal that age was a determining factor in plaintiff Way's case. Accordingly, we conclude that the trial court did not err in granting defendants' motion for summary disposition of plaintiff Way's age discrimination claim.

Because plaintiffs Featherly and Gannon established prima facie cases of age discrimination, the burden shifts to defendants to articulate some legitimate, nondiscriminatory reason for their action. In the present case, defendants maintain that plaintiffs' layoffs were caused by a business downturn that required the reduction of Teledyne's work force. In addition, defendants presented evidence that Featherly was laid off because he was not as versatile as the retained employee, Gilbert. Defendants also presented evidence that Gannon's position was eliminated and his duties assigned to Karafa and Mikesell because Gannon did not possess the retained employees' respective tool-making and budgetary skills.

Thus, plaintiffs have the burden of showing that this reason was merely a pretext. As this Court observed in *Clark v Uniroyal Corp,* 119 Mich App 820, 826; 327 NW2d 372 (1982), to avoid a motion for summary disposition after the defendant presents a legitimate, nondiscriminatory reason that rebuts the plaintiff's prima facie case of discrimination,

the plaintiff must put forth factual allegations to raise a triable issue of fact as to whether the proffered reasons were mere pretext. Thus, a plain-

tiff must present factual allegations allowing the inference that the defendant had a discriminatory reason that was more likely its true motivation or factual allegations that show the defendant's proffered reason was unworthy of credence. The plaintiff must set forth specific facts showing that there is a genuine issue for trial; conclusory allegations are insufficient to rebut evidence of nondiscriminatory conduct. [Citations omitted.]

In this case, plaintiffs Featherly and Gannon presented evidence leading to the inference that defendants' proffered reasons were mere pretext. Specifically, Featherly offered factual allegations that defendants' claim that he was "less versatile" than Gilbert was a mere pretext. The record shows that Featherly was more experienced and possibly more versatile, given that he supervised two departments with nine lines, as opposed to Gilbert, who supervised one department having two lines. Likewise, Gannon set forth specific facts showing that he had greater overall experience than Karafa, the younger retained employee, as well as tool-making knowledge and experience in preparing budgets. As we already observed, both plaintiffs, in establishing a prima facie case of age discrimination, presented sufficient facts showing that age was a determining factor in defendants' employment decision. Thus, plaintiffs Featherly and Gannon presented specific factual allegations allowing the inference that age discrimination was more likely defendants' true motivation in the decision in 1987 to lay them off rather than the younger employees. *Clark, supra.* Accordingly, we conclude that the trial court erroneously granted defendants' motion for summary disposition of plaintiff Featherly's age discrimination claim but properly denied defendants' motion for summary disposition of Gannon's claim.

Plaintiff Way also claims that summary disposition of his claim of breach of an employment contract was improper. We disagree.

In general, a contract for permanent employment is for an indefinite period and is terminable at will by either party. *Toussaint, supra,* p 596. In *Toussaint,* pp 618-619, the Supreme Court held that an employer may be found liable under a theory of implied contract for discharging an employee without cause when the employer makes statements in employee policy manuals or elsewhere that give rise to employees' legitimate expectations that they will be discharged only for just cause. *Butzer v Camelot Hall Convalescent Centre, Inc,* 183 Mich App 194, 200-201; 454 NW2d 122 (1989). Recently, in *Rowe v Montgomery Ward,* 437 Mich 627, 644; 473 NW2d 268 (1991), the Supreme Court held that oral statements of job security must be clear and unequivocal to overcome the presumption of employment at will. However, termination of an employee due to an economically motivated work force reduction ordinarily does not constitute grounds for a wrongful discharge claim. *Bouwman v Chrysler Corp,* 114 Mich App 670, 681-682; 319 NW2d 621 (1982); *Friske v Jasinski Builders, Inc,* 156 Mich App 468, 472; 402 NW2d 42 (1986); *King v Michigan Consolidated Gas Co, supra,* p 537.

In this case, plaintiff Way's employment, like that of all supervisory employees at Teledyne, was terminable at any time with or without cause. There was no written contract of employment between him and Teledyne. Nevertheless, Way alleges that oral representations made by defendant Keenan gave rise to an implied just-cause contract. At a meeting of two hundred salaried employees one or two years before the layoffs, defendant Keenan allegedly remarked: "If your job

stays, you'll stay." Upon hearing this remark, Way stated that he felt secure because Teledyne would need a shipping and receiving supervisor as long as it stayed in business. Way claims that Keenan's oral statement constituted a promise not to terminate an employee except "for cause."

Because it was undisputed that plaintiff's employer imposed economically mandated reductions in force, plaintiff failed, as a matter of law, to present facts alleging a breach of contract claim under *Toussaint,* even if plaintiff's expectations rise to the level of an implied contract of employment terminable for just cause. *Friske, supra.* In this case, Way's position was eliminated. Even though some of the duties associated with his position were assigned to the retained employees, Ford and Settler, plaintiff's bare assertion that there still is a shipping and receiving supervisory position because Teledyne continues in business is not enough in itself to constitute a claim of wrongful discharge. *Bouwman, supra.*

Therefore, we reverse the trial court's grant of defendants' motion for summary disposition dismissing plaintiff Featherly's claim of age discrimination, affirm the denial of defendants' motion with respect to plaintiff Gannon's age discrimination claim, and affirm the grant of summary disposition dismissing plaintiff Way's age discrimination and *Toussaint* claims.