BERNTHAL v AETNA CASUALTY & SURETY COMPANY

Docket No. 124174. Submitted December 3, 1991, at Detroit. Decided April 10, 1992; approved for publication August 13, 1992, at 9:30 A.M.

Mark E. Bernthal, an optometrist, brought an action in the Macomb Circuit Court against Aetna Casualty & Surety Company, seeking a declaration that Aetna had a duty to defend and indemnify him pursuant to the terms of a general insurance policy covering his business premises that excluded coverage for accidents or injuries caused by rendering or failing to render a professional service. The term "professional service" was not defined in the insurance contract. The underlying action was brought by one of the plaintiff's patients who was injured when an examination chair rotated as she attempted to sit down to have her eyes examined. The court, Kathleen Jansen, J., held that the term "professional service" was ambiguous because the insurer failed to define the term. The court interpreted the term as not including the factual situation that gave rise to the underlying action and granted summary disposition for the plaintiff, finding that the defendant owed a duty to defend and indemnify. The defendant appealed.

The Court of Appeals *held:*

1. The term "professional service" is not ambiguous. It has a plain meaning, making judicial construction unnecessary. The professional service liability exclusion applies to the facts of the underlying action.

2. It is clear that the plaintiff was rendering a professional service when his patient was injured. The safe operation of the examination chair was part of his professional service.

3. The order granting summary disposition for the plaintiff must be reversed and the case remanded to the trial court for entry of an order granting summary disposition for the defendant.

Reversed and remanded.

*Ferriby & Houston* (by *Susan J. Zbikowski*), for the plaintiff.

*Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C.* (by *Mark D. Willmarth* and *Linda M. Garbarino*), for the defendant.

Before: SAWYER, P.J., and GILLIS and MARILYN KELLY, JJ.

PER CURIAM. Defendant appeals as of right from the trial court's granting of plaintiff's motion for summary disposition pursuant to MCR 2.116(C)(10). We reverse and remand to the trial court for entry of an order granting defendant's motion for summary disposition.

This declaratory judgment. action was brought by plaintiff, an optometrist, for the purpose of establishing defendant insurance company's duty to defend and indemnify plaintiff pursuant to the terms of a general insurance policy covering plaintiff's business premises. The insurance policy excluded coverage for accidents or injuries caused by rendering or failing to render a "professional service." The term "professional service" was not defined in the insurance contract.

The underlying lawsuit prompting this declaratory judgment action stems from injuries sustained by Betty Ann Hugaert at plaintiff's place of business. Hugaert visited plaintiff's office for the purpose of having plaintiff perform an eye examination. Plaintiff's employee performed a blood-pressure test and a visual test on Hugaert. Plaintiff then called Hugaert into his examination room. As she was backing into the examination chair, the chair rotated and Hugaert fell, sustaining various personal injuries including a broken arm and a fractured wrist. The examination chair was equipped with a lock to be used to prevent rotation until a patient was seated. Plaintiff testified in his deposition that it was his practice to lock the chair

after he finished examining a patient and before the next examination began.

Hugaert sued plaintiff, seeking damages under the alternative theories of malpractice and premises liability. Plaintiff then filed this declaratory judgment action for the purpose of determining defendant's duty to defend and indemnify him in the Hugaert lawsuit. The trial court held that the term "professional service" found in the insurance contract was ambiguous because of defendant's failure to define the term, and held that the ambiguity must be construed against defendant. The trial court interpreted the term "professional service" as not including the factual situation that gave rise to the underlying action for personal injuries. Because the facts did not fall within the "professional service" exclusion, the trial court ruled that there existed no genuine issue of material fact that defendant owed a duty to indemnify plaintiff as well as to defend him in the underlying lawsuit.

Defendant's first argument, that the trial court erred in failing to distinguish between the duty to indemnify and the duty to defend, is without merit. It is clear from the record that the trial court considered separately the issues of indemnity and the duty to defend, and concluded that plaintiff was entitled to be both indemnified and defended by defendant.

Defendant next argues that the term "professional service" is unambiguous and that the professional service liability exclusion applies to the facts of the underlying action. We agree.

First, we believe that the trial court erred in deciding that the term "professional service" was ambiguous for the sole reason that defendant failed to define the term in the insurance policy. In fact, we believe that the term "professional

service" has a plain meaning and that judicial construction was unnecessary. See *Friske v Jasinski Builders, Inc,* 156 Mich App 468, 472-473; 402 NW2d 42 (1986).

Secondly, the insurance policy excludes coverage for injuries arising from the rendering of or the failure to render a professional service. We believe it is clear that plaintiff was rendering a professional service when Hugaert was injured. We find the authority cited by defendant in this regard, especially *American Policyholders Ins Co v Michota,* 156 Ohio St 578; 103 NE2d 817 (1952), to be persuasive. In *Michota,* the Ohio Supreme Court included in the definition of the term "professional services" the maintenance, in a safe condition, of a metal hydraulic chair because the maintenance of the hydraulic chair was part of the chiropodist's "professional service."

In the underlying action, Hugaert was injured when the examination chair rotated as she was attempting to sit down to have her eyes examined by plaintiff. The examination chair was a piece of specialized equipment used by plaintiff in examining his patients. We believe that, as in *Michota,* the safe operation of the examination chair was part of plaintiff's professional service. Therefore, Hugaert's injuries arose from the rendering of or the failure to render a professional service. Because the insurance policy excluded coverage for such injuries, defendant is under no obligation to indemnify plaintiff for losses incurred in the underlying action.

The trial court erred in granting summary disposition in favor of plaintiff. We reverse the trial court's order granting plaintiff's motion for summary disposition, and we remand to the trial court for entry of an order granting summary disposition in favor of defendant.

Reversed and remanded.

SAWYER, P.J. I concur in the result only.