GINTHER v OVID-ELSIE AREA SCHOOLS

Docket No. 131978. Submitted December 2, 1992, at Lansing. Decided
    March 18, 1993; approved for publication July 21, 1993, at 9:15
    A.M. Leave to appeal sought.

    Janice Ginther brought an action in the Clinton Circuit Court
        against the Ovid-Elsie Area Schools, alleging that she was not
        hired for a full-time custodian position as a result of sex
        discrimination in violation of the Civil Rights Act, MCL 37.2101
        et seq.; MSA 3.548(101) et seq. The court, Timothy M. Green, J.,
        granted summary disposition for the defendant. The plaintiff
        appealed.

        The Court of Appeals held:

        1. The plaintiff established a prima facie case of sex discrimi-
    nation by showing that she applied for an available position for
    which she was qualified but was rejected under circumstances
    giving rise to an inference of unlawful discrimination.

        2. A question of fact for the jury's determination arose with
    regard to whether a supervisor stated that he would not hire
    any more women.

        3. The plaintiff presented evidence indicating that the defen-
    dant's reason for hiring the man for the position was a pretext.
    A genuine issue of material fact exists with regard to this
    matter.

        4. The defendant's argument that the school board was the
    ultimate decision maker is without merit. Although the school
    board made the ultimate employment decision, it simply ap-
    proved the supervisor's choice.

        Reversed and remanded.

CIVIL RIGHTS — SEX DISCRIMINATION — PRIMA FACIE CASE — BURDEN
    OF PROOF.

    A prima facie case of sex discrimination is established where it is

REFERENCES

Am Jur 2d, Civil Rights §§ 161, 184-186; Job Discrimination §§ 146,
    587.
Construction and application of provisions of Title VII of Civil
    Rights Act of 1964 (42 USCS secs. 2000e et seq.) making sex
    discrimination in employment unlawful. 12 ALR Fed 15.

proven by a preponderance of the evidence that the plaintiff applied and was qualified for an available position but was rejected under circumstances giving rise to an inference of unlawful discrimination; the burden then shifts to the defendant to articulate some legitimate, nondiscriminatory reason for its action; if the defendant meets this burden, the plaintiff then has the burden of proving by a preponderance of the evidence that the reason offered by the defendant was a pretext.

*Rapaport, Pollok, Farrell & Sablich, P.C.* (by *Mark S. Farrell*), for the plaintiff.

*Miller, Canfield, Paddock & Stone* (by *Charles S. Mishkind, Diane M. Soubly,* and *Lewis B. Reinwasser*), for the defendant.

Before: HOLBROOK, JR., P.J., and FITZGERALD and D. A. ROBERSON,* JJ.

PER CURIAM. Plaintiff appeals as of right from the trial court's order dismissing her claim of sex discrimination pursuant to MCR 2.116(C)(10). We reverse.

Plaintiff's claim of sex discrimination was based on defendant's refusal to hire her as a full-time custodian. In December of 1985, plaintiff began working as a substitute custodian in the Ovid-Elsie school system. In June of 1988, a full-time custodian retired. Initially, the school district did not hire someone for the custodian position, but eventually the building maintenance and grounds supervisor, Michael Lewis, requested that the position be filled. After a discussion at a school board meeting, the school board decided to hire a full-time custodian.

The school district posted the position pursuant to a collective bargaining agreement. A member of

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

the collective bargaining unit bid for and received the position and another member bid on and received the position vacated by that member, which then created an opening for a custodian at the E. E. Knight Elementary School. No member bid on this vacancy, and the position became open for outside hiring. On October 6, 1988, plaintiff submitted a handwritten letter to Lewis, stating she would like to bid on the custodian position. Lewis approached the school superintendent, David Porrell, informing him that several people had heard about the position. Lewis and Porrell decided to advertise the position in a local newspaper. The advertisement appeared after October 10, 1988.

After reviewing the applications, Lewis recommended hiring Harry Price. Price had submitted an application in 1986 and updated it on September 22, 1988. Porrell recommended Price to the school board. On November 21, 1988, the school board approved the decision to hire Price.

On February 3, 1989, plaintiff filed a lawsuit against the school district, alleging that she was not hired for the custodian position because she was a woman. In support of her claim, plaintiff alleged that the school system's past practice was to give priority to part-time custodians if a permanent custodian position became available. Plaintiff also claimed that Price was less qualified than her.

Alfred Bywater, an employee of the school district for eighteen years, testified at his deposition that he had heard Lewis state "it would be a cold day in hell before I hire any more women" or something to that effect. Bywater could not recall exactly when Lewis made this statement, but indicated that it was just before Lewis became supervisor.

At his deposition, Lewis testified that he has hired four men and no women since becoming

supervisor. Two of these men, Rolla Gruesbeck and Kevin Russell, were hired as custodians and had been substitute custodians. Plaintiff was not hired for one of these positions because Russell had experience with lawnmowers, whereas plaintiff did not. Lewis admitted that he never asked plaintiff if she was capable of operating a lawnmower. Lewis stated that the school district did not advertise the availability of the custodian positions and the school board did not approve Lewis' decision to hire Gruesbeck and Russell.

Lewis also testified that the school district had one woman custodian, who became a custodian after the school district eliminated her position as a housekeeper-cleaner. The housekeeper-cleaner positions had been held by women only and were eliminated before Lewis became a supervisor. Lewis described the position as a matron's job, involving strictly cleaning. The school district also only hired women to work in the cafeteria.

Lewis also testified at his deposition that he reviewed all the applications and selected four people, including plaintiff, as finalists for the position. Lewis admitted that the finalists were qualified for the position. However, Lewis felt Price was the most qualified because he did janitorial work and was the "jack-of-all-trades" at his then current job with a nursing home. Lewis claimed that he also contacted John Johnson, Price's boss at the nursing home, who explained what Price did in the building and on the grounds. Lewis did not contact the other applicants' employers regarding their qualifications.

Lewis also did not interview any of the applicants. Lewis claimed that he did not interview plaintiff because he felt he knew her qualifications and work habits through her work as a substitute custodian. Lewis did not have problems with plain-

tiff's work, nor did he receive complaints regarding her work.

Lewis claimed that he did not have authority to hire or fire the employees in his department and that he had to obtain authorization from Porrell to hire someone. Porrell explained during his deposition that although the hiring decisions for the previous custodian positions were not reviewed by the school board, he felt the hiring decision for the custodian position sought by plaintiff required the board's approval because the board agreed to reinstate the position.

On June 5, 1990, the school district filed a motion for summary disposition, arguing that plaintiff could not establish that she was not hired as a full-time custodian because of her sex. Defendant claimed that plaintiff was not qualified for the position because she had never operated lawn-mowing equipment, performed building and equipment repairs, or operated the heating and air-conditioning systems. Defendant also claimed that Price was the most qualified for the position because of his experience as a custodian, performing janitorial work, minor equipment repairs, and yard work. In response, plaintiff argued that Lewis was predisposed to discriminate against women. Plaintiff also argued that the school district treated female employees differently than male employees because it only hired men as custodians and only hired women as housekeeper-cleaners and cafeteria workers. In granting defendant's motion, the trial court found that plaintiff's case was based on her subjective feeling that she was discriminated against and remarked that it did not have to find issues of fact. We disagree.

A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the claim at issue. *Schultes v Naylor,* 195 Mich App

640, 644; 491 NW2d 240 (1992). The benefit of doubt is to be given to the nonmoving party. *Id., p* 645. If the trial court determines that there is a significant deficiency in the claim that cannot be cured by a full development of the factual record, then summary disposition is appropriate. *Id.*

Plaintiff alleges sex discrimination in violation of the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.* Plaintiff claims that defendant did not hire her as a custodian because she is a woman. In a discrimination case, the plaintiff has the burden of proving by a preponderance of the evidence a prima facie case of discrimination. *Featherly v Teledyne Industries, Inc,* 194 Mich App 352, 358; 486 NW2d 361 (1992). If the plaintiff is successful in proving a prima facie case of discrimination, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for its action. *Id.* If the defendant meets this burden, the plaintiff then has the burden of proving by a preponderance of the evidence that the legitimate reason offered by the defendant was a pretext. *Id.*

Upon a thorough review of the record, we conclude that plaintiff established a prima facie case of sex discrimination. A prima facie case of sex discrimination is established when it is proven that the plaintiff applied and was qualified for an available position but was rejected under circumstances giving rise to an inference of unlawful discrimination. *Pomranky v Zack Co,* 159 Mich App 338, 343-344; 405 NW2d 881 (1987). Plaintiff is a member of a protected class under the Civil Rights Act and applied for the available custodian position. Lewis admitted in his deposition that plaintiff, one of the four finalists selected for the custodian position, was minimally qualified. Moreover, the circumstances support the inference that

she was unlawfully discriminated against. Lewis' alleged statement indicates that he was predisposed to discriminate against women. Proof of Lewis' predisposition is bolstered by the fact that he has not hired a woman since becoming supervisor. Although Lewis denied making the statement, a question of fact arose that should be determined by the jury.

Furthermore, we find that plaintiff presented evidence that defendant's reason for hiring Price was a pretext. A plaintiff may succeed in establishing that the defendant's proffered reason was a pretext either directly, by persuading the trier of fact that a discriminatory reason more likely motivated the employer, or indirectly, by showing that the proffered reason is not worthy of credence. *Id.,* p 343. Defendant claims that it hired Price because he was the most qualified for the position. However, Lewis admitted that he did not interview any applicants and did not contact any of the applicants' current or former employers except Price's then current employer. Moreover, although plaintiff admitted during her deposition that she never operated the lawnmowing equipment, performed building and equipment repairs, or operated the heating and air-conditioning systems, Lewis never asked her if she had done so or could do so. Finally, there is some indication that Lewis did not know Price's qualifications before he was hired. Price admitted during his deposition that he bolstered his application after plaintiff filed her lawsuit because he realized that his qualifications were not listed on it. Consequently, a genuine issue of material fact exists.

Defendant, however, argues that Lewis' alleged statement cannot create an issue of fact because (1) the alleged statement is double hearsay; (2) the alleged statement was an isolated, remote remark

made facetiously and was not directed at any particular person; (3) Bywater claimed that the alleged statement was made in the presence of other people, all of whom denied Lewis made the remark; and (4) the school board made the ultimate hiring decision, which plaintiff admitted did not discriminate against her. First, Lewis' alleged statement is not double hearsay because Bywater testified that Lewis made the statement. Next, it is not the court's function to determine whether the alleged tasteless, insensitive discriminatory remark was a "joke" and not probative of Lewis' predisposition. Moreover, the fact that three people aver that Lewis never made the statement does not transform a question of fact into an issue for the court to decide. In deciding whether to grant a motion for summary disposition, the court must accept as true all facts pleaded by the non-moving party.

Finally, defendant's argument that the school board was the ultimate decision maker is without merit. Lewis submitted a list of applicants' names to Porrell, noting on the list that he wanted to hire Price. Porrell then submitted Lewis' recommendation to the school board, stating that he concurred with Lewis. Although the school board made the ultimate employment decision, it simply approved Lewis' choice.[1]

Accordingly, the trial court erred in granting

[1] This Court notes a remarkably similar case, *Cesaro v Lakeville Community School Dist,* 953 F2d 252 (CA 6, 1992), holding that a school superintendent's alleged discrimination in the selection process was irrelevant because the school board made the ultimate hiring decision. The plaintiff failed to establish her gender played any part in the school board's hiring decision. Unlike the case before this Court, the school board reviewed the qualifications of all the candidates and chose the applicant recommended by the school superintendent because he was the best qualified. There is nothing in the lower court record in this case that indicates defendant's school board extensively reviewed the qualifications of the applicants and made an independent decision to hire Price because he was the most qualified.

defendant's motion for summary disposition. Plaintiff established a prima facie case of sex discrimination and presented evidence that defendant's reason for not hiring her was a pretext. The case is remanded to the lower court.

Reversed and remanded. We do not retain jurisdiction.