YORK v 50TH DISTRICT COURT

Docket No. 161573. Submitted May 16, 1995, at Lansing. Decided July 25, 1995, at 9:10 A.M.

Deanna York brought an action in the Oakland Circuit Court against the 50th District Court, the State of Michigan, and James K. Conway, claiming wrongful discharge and sex discrimination. The plaintiff alleged that when she transferred from her position as a clerk-typist for the 50th District Court to a position as a court reporter, Judge Richard E. Cunningham, in urging her to make the transfer, made promises of job security in the event that she ever ceased to be his court reporter; however, when Judge Cunningham retired in June 1988, Conway, the court administrator, first transferred her to another job and then discharged her in January 1989. The plaintiff further alleged that she had not been considered for the job of court warrant officer in July 1988 because she was a female, despite being qualified for that position, with more seniority and experience than the male employee who filled the position. The court, Denise Langford-Morris, J., granted summary disposition for the defendants. The plaintiff appealed.

The Court of Appeals *held:*

1. There is no dispute that the plaintiff, as a court reporter, was an at-will employee. The plaintiff failed to allege any basis for a finding that she had a reasonable expectation of remaining permanently employed as a court reporter unless discharged for good cause shown. Indeed, implicit in the plaintiff's allegation that Judge Cunningham had promised her other employment if she were no longer his court reporter is the suggestion that she had no reasonable expectation to believe that the position as a court reporter was other than at-will employment.

2. MCR 8.110(E)(3)(d) vests in the chief judge of a district court the power to hire and fire all court personnel other than another judge's law clerk or secretary. Accordingly, any promise of Judge Cunningham of other permanent employment with the court was unenforceable to the extent that such employment would take place when he was no longer chief judge. Because the plaintiff's claim of permanent employment arose after Judge Cunningham retired, the trial court properly

granted summary disposition for the defendants on the basis of the failure to state a claim for which relief can be granted with respect to the claim of wrongful discharge.

3. Because the plaintiff failed to apply for the position of court warrant officer and failed to allege any facts in support of her allegation that she was qualified for the position, the court properly granted summary disposition with respect to the claim of sex discrimination on the basis that the plaintiff failed to raise a genuine issue of fact concerning whether she was denied employment on the basis of gender.

Affirmed.

*Lindsay & Allen* (by *Stephen J. Allen*), for the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Gary P. Gordan* and *Pamela J. Stevenson,* Assistant Attorneys General, for the defendants.

Before: FITZGERALD, P.J., and MARKMAN and M. F. SAPALA,* JJ.

PER CURIAM. Plaintiff appeals as of right the order granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(8) and (10) in this case involving claims of wrongful discharge and sex discrimination under the Civil Rights Act, MCL 37.2202(1)(a); MSA 3.548(202)(1)(a). We affirm.

Plaintiff was hired by the City of Pontiac as a clerk-typist in November 1968. She transferred to the position of clerk-typist for the 50th District Court in June 1972.[1] Plaintiff transferred to the position of court reporter for Judge Richard E. Cunningham in February 1973.[2] Plaintiff alleged that she transferred to the position of court re-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] This position was covered by a collective bargaining agreement.

[2] This position was not covered by a collective bargaining agreement.

porter at the urging of Judge Cunningham, who allegedly made promises of job security in the event plaintiff ever ceased to be his court reporter.

Judge Cunningham retired in June 1988. James K. Conway, the 50th District Court Administrator, transferred plaintiff from the position of court reporter to a different position. Plaintiff alleged that a new position, that of court warrant officer, was created in July 1988 and that, despite her qualifications for the position, she was not considered for the position because she is a female. Plaintiff alleged that the position was filled by a male employee with less seniority and less experience.

In December 1988, plaintiff was notified that her employment would be terminated effective January 1, 1989. Plaintiff filed a two-count complaint on July 9, 1991, alleging wrongful discharge and sex discrimination. Defendants filed a motion for summary disposition, which the trial court granted in an order dated January 12, 1993.

Plaintiff first argues that the trial court erred in granting summary disposition of her wrongful discharge claim pursuant to MCR 2.116(C)(8). A motion for summary disposition pursuant to MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone. All factual allegations in support of the claim are accepted as true, as well as any reasonable inferences or conclusions that can be drawn from the facts. *Marcelletti v Bathani,* 198 Mich App 655, 658; 500 NW2d 124 (1993). However, a mere statement of a pleader's conclusions, unsupported by allegations of fact, will not suffice to create a cause of action. *ETT Ambulance Service Corp v Rockford Ambulance, Inc,* 204 Mich App 392, 395; 516 NW2d 498 (1994). A motion for summary disposition pursuant to MCR 2.116(C)(8) should be granted only when the

claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery. *Wade v Dep't of Corrections,* 439 Mich 158, 163; 483 NW2d 26 (1992). On appeal, summary disposition pursuant to MCR 2.116(C)(8) is reviewed de novo as a question of law. *Mieras v DeBona,* 204 Mich App 703, 706; 516 NW2d 154 (1994).

Plaintiff contends that defendants failed to afford her procedural due process in terminating her property interest in her employment. However, there is no dispute that, as a court reporter, plaintiff was an at-will employee. Plaintiff has not made any allegations in support of a finding of just-cause employment in her position as a court reporter. To the contrary, plaintiff's allegation that Judge Cunningham told her that she could have a different position if she ceased to be employed as his court reporter suggests that there was no express agreement that the position of court reporter would be a permanent just-cause position.

Further, the promises that Judge Cunningham allegedly made to plaintiff are not enforceable because they exceeded his statutory authority. *Thorin v Bloomfield Hills Bd of Ed,* 203 Mich App 692, 700-701; 513 NW2d 230 (1994). See also MCL 600.8602; MSA 27A.8602 (each judge of the district court shall appoint his or her own recorder or reporter) and MCR 8.110(E)(3)(d) (a chief judge has administrative control over all court personnel with authority and responsibility to supervise, hire, discipline, or discharge such personnel, with the exception of a judge's secretary and law clerk). At the time plaintiff alleges she should have been given a protected position, Judge Cunningham was no longer chief judge. The authority to hire therefore belonged to Judge Cunningham's successor. Accordingly, the trial court properly granted sum-

mary disposition of the wrongful discharge claim pursuant to MCR 2.116(C)(8).

Plaintiff also argues that the trial court erred in granting summary disposition of her sex discrimination claim pursuant to MCR 2.116(C)(10). A motion for summary disposition pursuant to MCR 2.116(C)(10) may be granted where, except with regard to the amount of damages, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Such a motion tests the factual basis of the claim. A court reviewing the motion must consider the pleadings, affidavits, depositions, admissions, and any other documentary evidence in favor of the nonmoving party and grant the benefit of any reasonable doubt to the opposing party. *Radtke v Everett,* 442 Mich 368, 374; 501 NW2d 155 (1993). The opposing party may not rest upon mere allegations or denials in the pleadings but, by affidavit or other documentary evidence, must set forth specific facts showing that there is a genuine issue for trial. MCR 2.116(G)(4). The court may not make factual findings or weigh credibility in deciding a motion for summary disposition. *Featherly v Teledyne Industries, Inc,* 194 Mich App 352, 357; 486 NW2d 361 (1992).

To avoid summary disposition of a claim of sex discrimination under the Civil Rights Act, a plaintiff must demonstrate the existence of a genuine issue of material fact regarding whether a prima facie case of discrimination exists. *Coleman-Nichols v Tixon Corp,* 203 Mich App 645, 651; 513 NW2d 441 (1994). A prima facie case of sex discrimination is established where it is proven that a plaintiff is a member of a protected class, was qualified for an available position, and applied for the position, but was rejected under circumstances giving rise to an inference of unlawful discrimina-

tion. *Ginther v Ovid-Elsie Area Schools,* 201 Mich App 30, 35; 506 NW2d 523 (1993). Where, in response to a prima facie case of discrimination, a defendant puts forth a legitimate nondiscriminatory reason for its actions, a plaintiff has the burden of showing that the proffered reason was merely a pretext. *Coleman-Nichols, supra* at 651.

In this case, there is no dispute that plaintiff was a member of a protected class. However, plaintiff failed to apply for the position of court warrant officer and failed to allege any facts to support her allegation that she was qualified for the position. Hence, the trial court properly granted summary disposition pursuant to MCR 2.116(C)(10), because plaintiff failed to demonstrate that there was a genuine issue of material fact regarding whether she was discriminated against on the basis of her gender.

Affirmed.