# STATE OF MICHIGAN

# COURT OF APPEALS

MANDRE PROPERTIES, L.L.C.,

Plaintiff-Appellant,

v

DARREN R. MARSH, D.D.S.,

Defendant-Appellee.

UNPUBLISHED
November 17, 2015

No. 322633
Washtenaw Circuit Court
LC No. 13-000982-CB

Before: SHAPIRO, P.J., and O'CONNELL and GLEICHER, JJ.

PER CURIAM.

Darren R. Marsh, D.D.S. entered into a lease agreement to rent commercial property for his dental office from Mandre Properties, L.L.C. The agreement clearly laid out Marsh's financial duties as tenant. Despite these clear contractual duties, and despite Mandre's unrebutted ledgers detailing the exact amount owing after Marsh's premature departure— $41,661.55—the circuit court granted summary disposition in Mandre's favor for only $6,768. We affirm the court's determination that Marsh breached the lease, but vacate the judgment amount. We remand to the circuit court for entry of judgment in Mandre's favor in the amount of $41,661.55.

We review de novo summary disposition motions brought under MCR 2.116(C)(10). *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Wilson v Alpena Co Rd Com'n*, 474 Mich 161, 166; 713 NW2d 717 (2006). When reviewing a circuit court's resolution of such a motion, we must view the evidence in the light most favorable to the nonmovant to determine if that party created a genuine issue of material fact. *Id.*

When bringing a motion for dismissal under MCR 2.116(C)(10), the moving party bears the burden of "identify[ing] undisputed factual issues and support[ing] its position with evidence." *Reed v Reed*, 265 Mich App 131, 140; 693 NW2d 825 (2005). Once the moving party meets this burden, the nonmoving party may not sit back and do nothing. To successfully oppose the summary disposition motion, "[t]he opposing party may not rest upon mere allegations or denials in the pleadings but, by affidavit or other documentary evidence, must set forth specific facts showing that there is a genuine issue for trial." *York v 50th Dist Court*, 212 Mich App 345, 349; 536 NW2d 891 (1995), citing MCR 2.116(G)(4).

-1-

Mandre presented the lease agreement into evidence. The document provided that Marsh would pay monthly rent, as well as his pro rata share of real estate taxes, insurance, and common area maintenance, which was defined as 50%. The lease also provided that Marsh was required at his "sole cost and expense" to "maintain and keep . . . all heating, ventilating and cooling systems during the lease." Marsh contended that he rightfully terminated the lease and abandoned the premises because the building lacked an adequate heating and cooling system. In support of his claim that he was permitted to terminate the lease, Marsh argued that Mandre had to approve the furnace repairs and refused to do so. Mandre presented evidence from a heating and cooling technician that Marsh had unreasonably requested to replace the furnace when only repairs were needed. Mandre further noted plain contractual language that allowed Marsh to replace the furnace without Mandre's approval if that was his wish. The court accepted Mandre's interpretation as it concluded that Marsh had wrongfully breached the lease.

Mandre also presented into evidence a ledger and affidavit, describing that Marsh owed monthly rent from the date of termination until the date Mandre found a new tenant. Mandre delineated late fees and Marsh's outstanding pro rata share of taxes, insurance, and maintenance fees for the time in question. These rents, fees, and costs totaled $41,661.55. The amounts due were described in plain language in the lease and the circuit court was required to enforce the unambiguous contract as written. See *In re Smith Trust*, 480 Mch 18, 24; 745 NW2d 754 (2008). Mandre's documentary evidence supported the amounts owed for the various categories plainly described in the lease, meeting Mandre's burden of establishing his right to summary disposition.

Marsh made no attempt thereafter to convince the court that there remained a factual dispute regarding damages. Marsh presented absolutely no evidence to rebut the amount owed. Accordingly, even viewing the evidence in the light most favorable to Marsh, the circuit court was bound to hold him liable to Mandre for $41,661.55. The court erred in summarily valuing Mandre's claims at approximately $35,000 less.

We affirm the grant of summary disposition in Mandre's favor but vacate the judgment award of $6,768. We remand to the circuit court for entry of a judgment in Mandre's favor in the amount proved. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Peter D. O'Connell
/s/ Elizabeth L. Gleicher