Karl D. BROCKLEHURST, Plaintiff–
Appellee/Cross–Appellant,

v.

PPG INDUSTRIES, INC., Defendant–
Appellant/Cross–Appellee.

Nos. 95–1835, 95–1888 and 96–1096.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 28, 1997.

Decided Aug. 18, 1997.

Rehearing and Suggestion for Rehearing
En Banc Denied Oct. 9, 1997.

Jeannette A. Paskin (briefed), Daniel J. Seymour (argued and briefed), Paskin, Nagi & Baxter, Detroit, MI, Paul A. Callam, Cooper, Straub, Walinski & Cramer, Ann Arbor, MI, Jamil Akhtar, Jamil Akhtar, P.C., Birmingham, MI, for Plaintiff–Appellee/Cross–Appellant in Nos. 95–1835 and 95–1888.

Jeannette A. Paskin, Daniel J. Seymour (argued and briefed), Paskin, Nagi & Baxter, Detroit, MI, Paul A. Callam, Cooper, Straub, Walinski & Cramer, Ann Arbor, MI, for Plaintiff–Appellee/Cross–Appellant in No. 96–1096.

Ernest R. Bazzana (argued and briefed), James R. Kohl, Plunkett & Cooney, Detroit, MI, for Defendant–Appellant/Cross–Appellee.

Robert W. Powell (briefed), Dickinson, Wright, Moon, Van Dusen & Freeman, Detroit, MI, for Amicus Curiae.

Before: GUY, SUHRHEINRICH, and BATCHELDER, Circuit Judges.

BATCHELDER, Circuit Judge.

Defendant PPG Industries, Inc., appeals from a jury verdict in favor of plaintiff Karl D. Brocklehurst on plaintiff's claim that defendant terminated his employment because of his age, in violation of Michigan's Elliott–Larsen Civil Rights Act, MICH. COMP. LAWS ANN. §§ 37.2101–.2804 (West 1985). Defendant contends that the district court erroneously denied its motion for judgment as a matter of law. Plaintiff cross-appeals the district court's order granting summary judgment to defendant on his wrongful-discharge claim. Plaintiff also appeals the denial of his motion for attorney fees. For the reasons that follow, we REVERSE the district court's ruling that defendant was not entitled to judgment as a matter of law on plaintiff's age discrimination claim, AFFIRM the grant of summary judgment in favor of defendant on plaintiff's wrongful-discharge claim, and AFFIRM the denial of plaintiff's motion for attorney fees.

## I. STATEMENT OF FACTS

Defendant PPG Industries, Inc., is a major supplier of automobile products to both domestic and foreign automobile manufacturers. On June 18, 1984, PPG hired Brocklehurst, who was 40 years old at the time, as a technical service representative. A year and a half later, PPG promoted Brocklehurst to director of marketing for the Ford Motor Company account. Subsequently, Brocklehurst's responsibilities grew to include managing the marketing and sales efforts of the Mazda account. E.J. Horvath, director of marketing for North America, was Brocklehurst's immediate supervisor. E.K. Pollock, vice-president of automotive products, headed Brocklehurst's department.

Brocklehurst received satisfactory reviews while working as director of marketing. PPG's evaluations place employees in three categories: (1) "needs improvement"; (2) "fully meets job requirements"; and (3) "exceeds job requirements." Horvath evaluated Brocklehurst in January 1989 and March 1991. Each time he rated Brocklehurst's overall job performance as "fully meets job requirements." During the 1989 evaluation, however, Horvath noted that Brocklehurst needed to improve his client relationships and exercise more control over certain PPG programs. Moreover, in Brocklehurst's 1991 evaluation Horvath explained that although Brocklehurst and the Ford team had a successful year in 1990, Brocklehurst faced the difficult task of strengthening PPG's future at Ford.[1] PPG also rates employees on a 0

---

1. In 1990, the Ford team ranked first among PPG marketing teams in terms of cash flow and profitability.

to 15 scale for its Incentive Compensation Plan. Horvath rated Brocklehurst a 10, 9, and 7 for the years 1989, 1990, and 1991 respectively.[2]

In 1990, PPG began experiencing a decline in profitability due to cost increases, slowing sales, and the general economic conditions of that time. PPG originally attempted to ameliorate this problem through cost-cutting measures that did not involve staff reductions. In 1991, however, Pollock received direct orders to reduce the number of employees in his department. Consequently, PPG's managerial staff began to discuss a reduction-in-force ("RIF") program. Pollock emphasized that the RIF should affect all levels of PPG personnel, not just lower-level employees. Moreover, performance was to be the sole criterion for determining which employees would be discharged as part of the RIF.

Between September and November 1991, PPG managers ranked their subordinates from best to worst in order to identify the lesser-performing employees. Each employee was ranked only against his or her peers. When Horvath completed his comparisons, Brocklehurst was at the bottom of the list. Horvath felt that Brocklehurst was not willing to make the necessary client contacts and had less potential than the other members of his peer group. Horvath therefore identified Brocklehurst as an employee whom PPG should eliminate as part of the RIF.

Pollock was the individual who had to make the ultimate decision regarding Brocklehurst's future at PPG. Pollock decided that Brocklehurst should be discharged as part of the RIF. Pollock explained that after seriously evaluating his managers, he concluded that Brocklehurst "enjoyed the status and the perks of being a boss more than he liked the responsibility of being a boss." Moreover, when things went wrong, Brocklehurst separated himself from the members of his team instead of working with them to improve themselves.. When things were running smoothly, however, Brocklehurst "didn't wait a second to get out in front of the parade." Pollock explained that he did not think that

Brocklehurst cared about becoming a better manager or achieving the same degree of success as his peers. It is undisputed that Pollock did not know Brocklehurst's age.

On January 3, 1992, Horvath advised Brocklehurst that he was being discharged as part of the RIF. Horvath explained that the Ford team needed new "vitality and direction." Brocklehurst was 48 years old.

Shortly thereafter, Pollock and Horvath decided to promote Phil Johnson, age 38, to director of marketing for the Ford account. Prior to the promotion, Johnson had been working as director of automotive marketing at Chemfil, a wholly-owned PPG subsidiary to which the RIF extended.

PPG discharged approximately 130 employees as part of its RIF, achieving cost savings near $7 million.

## II. CASE HISTORY

Brocklehurst instituted this age discrimination and wrongful-discharge action against PPG in Michigan state court. Brocklehurst filed a two-count complaint alleging that: (1) PPG discharged him because of his age in violation of the Michigan Elliott–Larsen Civil Rights Act; and (2) PPG breached an implied "just cause" employment contract. PPG removed this action to the United States District Court for the Eastern District of Michigan on diversity grounds.

PPG moved for summary judgment on both counts. The district court, in a published opinion, granted PPG summary judgment on the wrongful-discharge claim but denied summary judgment on the age discrimination claim. See Brocklehurst v. PPG Indus., Inc., 836 F.Supp. 1354 (E.D.Mich.1993).

The case proceeded to trial and at the close of Brocklehurst's case in chief, PPG moved for judgment as a matter of law. The district court denied this motion. PPG renewed its motion for judgment as a matter of law at the close of all the proofs. The court denied the motion and sent the case to the jury.

**2.** Horvath originally rated Brocklehurst an 8 in 1991, but subsequently lowered that rating to a 7.

The jury returned a verdict in favor of Brocklehurst for approximately $1.5 million. The court entered judgment on that amount, and PPG again renewed its motion for judgment as a matter of law and moved alternatively for a new trial. PPG also challenged the damage award. In another published opinion, the district court denied PPG's motion for judgment as a matter of law or for a new trial but remitted the damage award to $528,818. *See Brocklehurst v. PPG Indus., Inc.,* 865 F.Supp. 1253 (E.D.Mich.1994).

Brocklehurst subsequently moved for attorney fees pursuant to § 802 of the Elliott–Larsen Civil Rights Act. MICH. COMP. LAWS ANN. § 37.2802 (West 1985). The district court denied this motion in a third published opinion. *Brocklehurst v. PPG Indus., Inc.,* 907 F.Supp. 1106 (E.D.Mich.1995).

Both parties filed timely appeals. PPG appeals the denial of its renewed motion for judgment as a matter of law. Brocklehurst appeals the grant of summary judgment in favor of PPG on his wrongful-discharge claim. He also appeals the denial of his motion for attorney fees.

### III. DISCUSSION

#### A.

PPG asserts that it was entitled to judgment as a matter of law on Brocklehurst's age discrimination claim because Brocklehurst wholly failed to prove that age was a determining factor in PPG's decision to terminate him. We agree.

#### 1.

■ PPG's renewed motion for judgment as a matter of law challenges the sufficiency of the evidence supporting the jury's findings. Therefore, because this is a diversity case, we apply the standard of review used by the courts of the state whose substantive law governs the action. *K & T Enters., Inc. v. Zurich Ins. Co.,* 97 F.3d 171, 176 (6th Cir.1996); *Anchor v. O'Toole,* 94 F.3d 1014, 1023 (6th Cir.1996) (citation omitted). In *Matras v. Amoco Oil Co.,* the Michi-

gan Supreme Court explained the applicable standard as follows:

> In reviewing a trial court's failure to grant a defendant's motion for a directed verdict or judgment notwithstanding the verdict, we examine the testimony and all legitimate inferences that may be drawn in the light most favorable to the plaintiff. If reasonable jurors could honestly have reached different conclusions, the motion should have been denied. If reasonable jurors could disagree, neither the trial court nor this Court has the authority to substitute its judgment for that of the jury.

424 Mich. 675, 385 N.W.2d 586, 588 (1986) (footnotes omitted). A directed verdict or judgment notwithstanding the verdict is appropriate only when there is no factual dispute upon which reasonable minds could differ.[3] *See Meagher v. Wayne State Univ.,* 222 Mich.App. 700, 565 N.W.2d 401, 409 (1997) (citation omitted).

#### 2.

Brocklehurst claims that PPG discharged him because of his age, in violation of the Elliott–Larsen Civil Rights Act. MICH. COMP. LAWS ANN. § 37.2202 (West Supp.1997). PPG asserts that it discharged Brocklehurst as part of an economically motivated RIF without regard to his age.

■ In a diversity action such as this, a federal court applies state substantive law to state-law claims. *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Because Brocklehurst filed this age discrimination claim pursuant to Michigan's Elliott–Larsen Act, Michigan substantive law governs this action. We note, however, that the Michigan courts look to federal law when reviewing claims of age discrimination under the Elliott–Larsen Act. *See, e.g., Lytle v. Malady,* 456 Mich. 1, 566 N.W.2d 582, 594–95 (1997); *Matras,* 385 N.W.2d at 589–90; *Meagher,* 565 N.W.2d at 410 (citation omitted).

---

**3.** The Michigan courts use the terms "directed verdict" and "judgment notwithstanding the verdict" rather than judgment as a matter of law. Throughout this opinion, however, we will ad-

here to Rule 50 of the Federal Rules of Civil Procedure and refer to PPG's motion as one for judgment as a matter of law. *See* FED.R.CIV.P. 50.

The Michigan Supreme Court has explained that in order to hold the defendant liable for age discrimination in a RIF case, the plaintiff must present sufficient evidence that age was a "determining factor" in the defendant's decision to discharge the plaintiff. *Matras*, 385 N.W.2d at 589–90, 593; *see also Lytle*, 566 N.W.2d at 598, 600–01. The plaintiff does not need to prove that age was the sole or main reason for discharge. Rather, the plaintiff must prove only that age made a difference in the employment decision. *Matras*, 385 N.W.2d at 589 (quoting Michigan Standard Jury Instructions, 2d. § 105.02); *see also Lytle*, 566 N.W.2d at 600–01. The Elliott–Larsen Civil Rights Act protects against discrimination; it does not provide a remedy for unfair treatment. *Matras*, 385 N.W.2d at 590.

### 3.

As a preliminary matter, we must determine whether we are dealing with a "true" RIF case. The district court held that PPG did not discharge Brocklehurst as part of its RIF because PPG did not eliminate Brocklehurst's employment position, director of marketing for the Ford and Mazda accounts. Rather, PPG replaced Brocklehurst with Johnson. *Brocklehurst v. PPG Indus., Inc.*, 836 F.Supp. 1354, 1362 (E.D.Mich.1993); *see also Brocklehurst v. PPG Indus., Inc.*, 865 F.Supp. 1253, 1261 (E.D.Mich.1994). In reaching this conclusion, the court relied on our decision in *Barnes v. GenCorp Inc.*, where we stated:

A work force reduction situation occurs when business considerations cause an employer to eliminate one or more positions within the company. An employee is not eliminated as part of a work force reduction when he or she is replaced after his or her discharge. However, a person is not replaced when another employee is assigned to perform the plaintiff's duties in addition to other duties, or when the work is redistributed among other existing employees already performing related work. A person is replaced only when another employee is hired or reassigned to perform the plaintiff's duties.

896 F.2d 1457, 1465 (6th Cir.1990) (citing *Sahadi v. Reynolds Chem.*, 636 F.2d 1116, 1117 (6th Cir.1980)). We disagree with the district court's application of *Barnes.*

It is undisputed that in September 1991, PPG instituted a cost-reduction program designed to increase profitability. PPG, as part of this program, terminated approximately 130 employees and eliminated various employment positions. However, PPG did not eliminate Brocklehurst's position, director of marketing for the Ford and Mazda accounts, because it was essential. PPG therefore promoted Johnson to director of marketing for the Ford account when Brocklehurst was discharged; Johnson's position at Chemfil was filled by another Chemfil employee, whose original position was then left unfilled. Thus, after Brocklehurst's discharge, two employees remained where originally there had been three. The RIF, and this type of reorganization, saved PPG nearly $7 million.

We do not believe that *Barnes* stands for the proposition that a high-level employee may not be found to have been discharged as part of an economically motivated RIF unless that employee's position is eliminated. Indeed, *Barnes* did not address that type of factual scenario. Brocklehurst's position, like many high-level corporate positions, is vital to PPG's existence; PPG could not eliminate the director of marketing for the Ford and Mazda accounts. Therefore, PPG had to promote another employee to fill the vacancy left by Brocklehurst's discharge. That promotion, however, does not mean that PPG did not discharge Brocklehurst as part of its overall RIF. It is undisputed that, as part of the overall reshuffling, Brocklehurst's discharge resulted in the elimination of one employment position and accomplished cost savings for PPG, the goal of any RIF.

To accept the district court's reading of *Barnes* is tantamount to saying that a business must restrict its work force reductions to employees who occupy non-essential positions. We do not believe that is the law of this circuit. We therefore find that PPG terminated Brocklehurst as part of its RIF.

### 4.

Having determined that PPG discharged Brocklehurst as part of an economically moti-

vated RIF, the question in this case becomes whether Brocklehurst presented evidence that, when viewed in his favor, would permit a reasonable jury to conclude that age was a determining factor in PPG's decision to discharge him. *Matras v. Amoco Oil Co.*, 424 Mich. 675, 385 N.W.2d 586, 589 (1986); *see also Wells v. New Cherokee Corp.*, 58 F.3d 233, 235 (6th Cir.1995) (noting that to survive a motion for judgment as a matter of law, an age-discrimination plaintiff must present evidence sufficient to prove that age was a determining factor in the adverse employment decision) (citation omitted). If Brocklehurst failed to satisfy this burden, then PPG was entitled to judgment as a matter of law.

When boiled down to its essentials, Brocklehurst's age discrimination claim is based on three facts. These facts, even when considered in combination, do not prove that age was a determining factor in PPG's decision to terminate Brocklehurst.

■ Brocklehurst first points out that he was a qualified employee who was discharged and replaced by a younger employee, Phil Johnson. Brocklehurst does not, however, allege that Johnson was any less qualified, nor could he. As previously noted, PPG rated Brocklehurst's overall performance as "fully meets job requirements" in each of his two performance reviews. PPG ranked Johnson's overall performance as "exceeds job requirements" in 1991 and as "fully meets job requirements" in 1992. In addition, for purposes of its Incentive Compensation Plan, PPG rated Brocklehurst a 10, 9, and 7 for 1989, 1990, and 1991, respectively. Johnson received a 14, 12, and 10 for the very same years. Clearly Johnson is at least as qualified as Brocklehurst.

■ Moreover, the Michigan Supreme Court has made it clear that in a RIF case, the fact that a competent older employee was terminated and a younger employee was retained is not dispositive. Indeed, standing alone, such a showing fails to establish a prima facie case of age discrimination. *Matras*, 385 N.W.2d at 590; *see also Lytle v. Malady*, 209 Mich.App. 179, 530 N.W.2d 135, 140 (1995) (citation omitted), *aff'd in part*, 456 Mich. 1, 566 N.W.2d 582 (1997); *Featherly v. Teledyne Indus., Inc.*, 194 Mich.App. 352, 486 N.W.2d 361, 364 (1992) (citation

omitted). When an employer is forced to reduce its staff for economic reasons, the most common legitimate reason for the discharge is the RIF itself. *Barnes v. GenCorp Inc.*, 896 F.2d 1457, 1465 (6th Cir.1990). Therefore, the decision to discharge a qualified, older employee is not inherently suspicious. The decision is readily explainable in terms of the employer's economic situation. *Lytle*, 530 N.W.2d at 142. In a RIF, qualified employees are going to be discharged. *Barnes*, 896 F.2d at 1466.

■ Brocklehurst also calls our attention to various statements made by Pollock and Horvath, the individuals who decided that Brocklehurst should be discharged as part of PPG's RIF. Pollock testified that after he decided to discharge Brocklehurst, he asked Horvath whether Horvath agreed with his assessment that Brocklehurst had less potential than the other directors of marketing. This statement is not probative of age discrimination. An employee can reach the end of his or her potential at any age. Pollock's statement reflects his opinion on Brocklehurst's abilities and potential for growth as compared to that of Brocklehurst's peers, which was the purpose of the pre-RIF review process. It does not reflect any animus toward older employees. Indeed, this statement is entirely consistent with Pollock's belief that Brocklehurst did not care to become a better manager.

Pollock also testified that he asked Thomas Siegele, PPG's manager for human resources in the automotive products division, whether the termination decisions had an adverse impact on PPG's entire employee population in terms of age, race, and sex. As the district court noted, this statement is not probative of age discrimination. *See Brocklehurst v. PPG Indus., Inc.*, 865 F.Supp. 1253, 1257–58 (E.D.Mich.1994). There is no evidence, and Brocklehurst does not allege, that PPG used a quota system to decide which employees would be discharged. Moreover, Pollock made this inquiry after he had decided to discharge Brocklehurst.

The parties stipulated that Horvath told Brocklehurst that he was being discharged because the Ford team needed new "vitality and direction." PPG, however, did not use

the word "vitality" in an age-related manner. *See id.* at 1257. Rather, "vitality" is a term of art used to evaluate employees. Indeed, PPG's evaluation forms specifically ask supervisors to rate employees in terms of their ability to "manage the business to insure it's [sic] growth and vitality." In other words, vitality, as the word is used in PPG's evaluation process, addresses an employee's ability to generate sales. *Id.* It has nothing to do with age.

██ Finally, Brocklehurst contends that a reasonable jury could find that age was a determining factor in PPG's decision to discharge him by virtue of the fact that the three other managers at Brocklehurst's peer level whom PPG terminated were over 40 years old. This assertion is overly simplistic. There were fourteen managers, including Brocklehurst, at Brocklehurst's peer level. Of those fourteen, only three were under 40 years old.[4] Moreover, of the three managers other than Brocklehurst whom PPG discharged, one was not replaced; another, age 41, was replaced by a 48 year old; and the last manager, age 44, was replaced by a 46 year old. These facts, when viewed as a whole, fail to support Brocklehurst's allegations of age discrimination. First of all, Brocklehurst's reliance on such a small sample of similarly situated employees is inherently suspect. *See, e.g., Simpson v. Midland–Ross Corp.*, 823 F.2d 937, 943 (6th Cir. 1987) (questioning plaintiff's use of only 17 employees as a basis for his statistical argument) (citation omitted). Second, it was highly likely that any employees PPG fired at Brocklehurst's peer level would be over 40 years old because that demographic group was over represented. Third, the fact that Pollock replaced two of the four managers he discharged with even older employees contradicts Brocklehurst's claims of discriminatory animus. This quasi-statistical evidence does not prove that age was a determining factor in PPG's decision to discharge Brocklehurst.

**4.** It is interesting to note that Brocklehurst's department, automotive products, employed 26 upper-level managers, including vice-presidents. Only 4 of the 26 were under age 40.

**5.** Because this case has been fully tried on the merits, we may not question whether Brocklehurst established a prima facie case. *Equal Em-*

The evidence shows that PPG discharged Brocklehurst as part of an economically motivated RIF without regard to his age. No reasonable jury, even when viewing the evidence and its reasonable inferences in the light most favorable to Brocklehurst, could find otherwise. We therefore hold that PPG was entitled to judgment as a matter of law.

██ Our result remains the same even if we assume that PPG did not discharge Brocklehurst as part of its overall RIF. Once Brocklehurst established his prima facie case of age discrimination, PPG was required to articulate a legitimate, nondiscriminatory reason for its decision to discharge Brocklehurst, which it did.[5] *See, e.g., Lytle v. Malady*, 456 Mich. 1, 566 N.W.2d 582, 595–96 (1997) (citation omitted). It is undisputed that an economically motived RIF was taking place when PPG decided to discharge Brocklehurst. As part of that RIF, PPG managers ranked their subordinates from best to worst. Brocklehurst did not compare favorably against his peers; therefore, he was discharged. After PPG articulated this explanation, Brocklehurst had to present evidence from which a reasonable jury could conclude not only that PPG's proffered reason was pretextual, but also that illegal age discrimination played a role in his discharge. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507–08, 510–11, 113 S.Ct. 2742, 2747–48, 2748–49, 125 L.Ed.2d 407 (1993); *Lytle*, 566 N.W.2d at 598, (adopting *Hicks* and stating that "[t]he bottom line is that there must always be evidence upon which reasonable minds could conclude that discrimination was the true motive for the decision"). As our previous discussion reveals, Brocklehurst has wholly failed to prove that age played any role in PPG's decision to discharge him. PPG was therefore entitled to judgment as a matter of law.

*ployment Opportunity Comm'n v. Avery Dennison Corp.*, 104 F.3d 858, 860 (6th Cir.1997) ("[I]t is inappropriate for a court to resolve a discrimination case on grounds that a *prima facie* case had not been made, after the case has been fully tried on the merits.") (citing *United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 717, 103 S.Ct. 1478, 1483, 75 L.Ed.2d 403 (1983)).

**5.**

PPG argues that even if we determine that it was not entitled to judgment as a matter of law, we should reverse the jury's verdict and grant a new trial because the district court erroneously instructed the jury. Although we rule in favor of PPG on Brocklehurst's age discrimination claim, we find it necessary to address the propriety of the district court's jury instructions on that claim. The specific instruction that concerns us reads as follows:

> Your task is to determine whether PPG discriminated against Mr. Brocklehurst. You are not to substitute, however, your judgment for PPG's business judgment or decide this case based upon what you would have done. However, you may consider the reasonableness or lack of reasonableness of PPG's stated business judgment along with all other evidence in determining whether PPG discriminated or did not discriminate against Mr. Brocklehurst.
>
> . . . .
>
> Please remember that your job is to determine if Plaintiff has proven, by a preponderance of the evidence, that his age was a determining factor in the decision to terminate him. You should not find that the decision was unlawful just because you may disagree with Defendant's stated reasons or because you believe the decision was unfair, so long as Defendant reached its decision without regard to Plaintiff's age.
>
> *You may consider the fairness of the decision in determining whether you believe PPG's reasons for the termination;* however, unfairness of the decision alone is not enough to find for Mr. Brocklehurst. You must find that his age was a determining factor in the decision to discharge him.

*Brocklehurst v. PPG Indus., Inc.*, 865 F.Supp. 1253, 1262 (E.D.Mich.1994) (emphasis added).

 The plaintiff in an age discrimination case may prove that the nondiscriminatory reason for the adverse employment action proffered by the defendant was a "mere pretext" by showing that the proffered reason: (1) had no basis in fact; (2) was not the actual reason motivating the employment decision; or (3) was insufficient to justify the decision. *Meagher v. Wayne State Univ.*, 222 Mich.App. 700, 565 N.W.2d 401, 411 (1997) (citing *Dubey v. Stroh Brewery Co.*, 185 Mich.App. 561, 462 N.W.2d 758, 760 (1990)); *see also Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1084 (6th Cir.1994) (citation omitted). "The soundness of an employer's business judgment, however, may not be questioned as a means of showing pretext." *Dubey*, 462 N.W.2d at 760 (citing *Chappell v. GTE Prods. Corp.*, 803 F.2d 261, 266 (6th Cir.1986)).

 The district court instructed the jury that it may consider the "fairness" of PPG's decision to discharge Brocklehurst when assessing the credibility of the reasons offered in support of that decision. In other words, the jury was allowed to consider notions of fairness when determining whether the reasons that PPG proffered for Brocklehurst's discharge were pretextual. This instruction is incorrect because it allows the jury to question PPG's business judgment on the issue of pretext. An age discrimination action is not "a device which permits the jury to examine an employer's reasons for discharge and determine that the employer's business judgment or policies do not appeal to its sensibilities." *Elliott v. Group Med. & Surgical Serv.*, 714 F.2d 556, 567 (5th Cir. 1983). The Elliott–Larsen Act proscribes discrimination, not unfair treatment. *Matras v. Amoco Oil Co.*, 424 Mich. 675, 385 N.W.2d 586, 590 (1986); *Meagher*, 565 N.W.2d at 411 (citation omitted); *see also Baker v. Siemens Energy & Automation, Inc.*, 820 F.Supp. 1050, 1053 (S.D.Ohio 1993) (stating that the issue in an ADEA case is not whether the defendant employer treated the plaintiff employee in a fair manner).

The district court erred in instructing the jury that it may consider the fairness of PPG's decision to discharge Brocklehurst.

**B.**

Brocklehurst cross-appeals the district court's grant of summary judgment in favor of PPG on his wrongful-discharge claim. After carefully reviewing the record, the applicable law, and counsels' arguments, we are not persuaded that the district court erred in

concluding that no genuine issue of material fact remains for trial and that PPG is entitled to judgment as a matter of law. The district court carefully analyzed the parties' contentions in its published opinion, and Brocklehurst has offered no new arguments to this court. *See Brocklehurst v. PPG Indus., Inc.,* 836 F.Supp. 1354, 1358–61 (E.D.Mich.1993). Moreover, the Michigan Supreme Court has clearly stated that an employee is lawfully terminated for cause when he or she is discharged as part of an economically motivated RIF, and Brocklehurst has failed to present evidence challenging the economic necessity of PPG's RIF. *See Lytle v. Malady,* 456 Mich. 1, 566 N.W.2d 582, 592 (1997) (citations omitted). Therefore, any further discussion of this issue would be duplicative and serve no useful purpose.

## C.

Brocklehurst has not succeeded in any aspect of this litigation and therefore is not entitled to attorney fees. *See Dresselhouse v. Chrysler Corp.,* 177 Mich.App. 470, 442 N.W.2d 705, 711 (1989) (citations omitted); *Eide v. Kelsey–Hayes Co.,* 154 Mich. App. 142, 397 N.W.2d 532, 541 (1986), *aff'd in part,* 431 Mich. 26, 427 N.W.2d 488 (1988). We therefore do not address the correctness of the district court's analysis of this issue. *See Brocklehurst v. PPG Indus., Inc.,* 907 F.Supp. 1106 (E.D.Mich.1995).

## IV. CONCLUSION

For the preceding reasons, we **REVERSE** the district court's ruling that PPG was not entitled to judgment as a matter of law on Brocklehurst's age discrimination claim, **AFFIRM** the grant of summary judgment to PPG on Brocklehurst's wrongful-discharge claim, and **AFFIRM** the denial of attorney fees. We therefore **REMAND** this action to the district court with instructions to enter judgment in favor of PPG on Brocklehurst's age discrimination claim.